Marion V. STORCK

v.

Caspar WEINBERGER, the Secretary of Health, Education and Welfare, Department of Health, Education and Welfare.

Civ. A. No. N–74–1392.

United States District Court,
D. Maryland.

Sept. 19, 1975.

Thomas Bowie McCarty and John M. Morse, Baltimore, Md., for plaintiff.

Jervis S. Finney, U. S. Atty., for the District of Maryland, John W. Sheldon, Asst. U. S. Atty., and Fred Marinucci, Asst. Regional Atty., Dept. of H. E. W., Philadelphia, Pa., for defendant.

NORTHROP, Chief Judge.

This is an action filed pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1970), wherein the plaintiff, Mrs. Marion V. Storck, seeks review of the final decision of the Secretary of Health, Education and Welfare ("Secretary") denying her claim for disability benefits. Defendant has moved for summary judgment, and plaintiff has moved alternatively for remand to the Secretary.

The plaintiff filed an application for Social Security disability benefits on August 15, 1973, alleging that she had been unable to work since July 24, 1971, due to pancreatitis and back injury. The Social Security Administration denied the claim on October 15, 1973. Plaintiff then filed a Request for Reconsideration, but her claim was again denied by the Administration, by letter of December 13, 1973. Plaintiff requested and was granted a hearing before an Administrative Law Judge ("judge"). This hearing was held before Administrative Law Judge Peter D. Caloger, and the plaintiff decided to proceed without an attorney. At this hearing, the judge received as evidence a number of written medical reports on the plaintiff, as well as oral testimony from plaintiff and from a vocational expert. In an opinion dated July 15, 1974, the judge found that the plaintiff was not entitled to disability benefits under the Act. A review of that decision by the Appeals Council was sought but rejected.

In her petition to this Court for review of the Secretary's final decision, plaintiff contends: (1) "that the plaintiff was and still is under a disability, . . . and the Administrative Law Judge erred as a matter of law in his construction of the term 'disability' as given in the Federal Social Security Act"; (2) "that plaintiff has been unable, because of severe allergery [sic] condition, to make a due and diligent search for employment which she is capable of performing in her disabled condition . . ."; and (3) "that the Administrative Law Judge erred as a matter of law in failing to find on the evidence presented that the plaintiff was under a disability within meaning of the Social Security Act . . . ."

In her motion to remand, plaintiff makes the following additional allegations: (1) that plaintiff was "confused and misunderstood her rights about the need of an attorney" at the hearing conducted by the judge and was thereby prejudiced in that an attorney would have caused certain exhibits to be excluded from the record; (2) that plaintiff was prejudiced by the judge's refusal to review her medical bills; (3) that the medical reports received by the judge "minimize her allergy condition, which is one of her worst problems," and plaintiff therefore desires to submit further evidence on this condition, including a report of hospitalization in 1964; (4) that a letter from a Dr. Thompson, who had treated the patient, was erroneously excluded by the judge; (5) that the report of the Social Security Administration's doctor was based on an examination made immediately following one of the patient's physical therapy treatments at Maryland General Hospital and therefore "would not disclose her true physical condition"; and (6) that the judge erred in not receiving records of the patient's physical therapy.

Section 205(g) of the Social Security Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be

conclusive . . . ." 42 U.S.C. § 405(g) (1970). Thus, judicial review of a decision by the Secretary is limited to a determination of whether the Secretary applied the correct legal standards in his fact-finding, *Knox v. Finch*, 427 F.2d 919 (5th Cir. 1970), and whether the factual conclusions reached in applying these standards are supported by "substantial evidence." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *Laws v. Celebreeze*, 368 F.2d 640 (4th Cir. 1966). Although resolution of conflicts in the evidence is solely within the province of the Secretary as trier of the facts, *Thomas v. Celebreeze*, 331 F. 2d 541, 543 (4th Cir. 1964), *see Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), this Court on review must make a "searching investigation" of the entire record to determine if substantial evidence for the Secretary's decision does exist. *Flack v. Cohen*, 413 F.2d 278, 280 (4th Cir. 1969).

■■ The correct legal standard for "disability" under the Social Security Act is "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (1970). The claimant has the initial burden of proving such an impairment, *Blalock v. Richardson, supra*, but once he establishes an inability to perform his usual occupation, the burden shifts to the Secretary to show that the claimant can perform a specific job that exists in the national economy. *Taylor v. Weinberger*, 512 F.2d 664, 666 (4th Cir. 1975); *Hernandez v. Weinberger*, 493 F.2d 1120, 1122–23 (1st Cir. 1974); *Meneses v. Secretary of H. E. W.*, 143 U.S.App.D.C. 81, 442 F.2d 803, 806 (1971). In the instant case, the ·judge found specifically that the plaintiff "has the physical capacity to work at her usual occupation." (Tr. 11). It is

clear, therefore, that the correct legal standard of ability to engage in any substantial gainful activity was used. The question remains, however, of whether the judge's findings regarding the plaintiff's abilities were based upon substantial evidence.

■ Substantial evidence has been defined as being "more than a scintilla, but less than a preponderance," *Thomas v. Celebreeze, supra*, and the Supreme Court has characterized it as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales, supra*, at 401, 91 S.Ct. ·at 1427. In order that a reviewing court may properly evaluate whether the findings of an Administrative Law Judge (or an Appeals Council) are based on substantial evidence, those findings must be explicit. *Choratch v. Finch*, 438 F.2d 342, 343 (3d Cir. 1971)·; *Williams v. Celebreeze*, 359 F.2d 950, 952 (4th Cir. 1966), *Smith v. Weinberger*, 394 F.Supp. 1002, 1006 (D. Md.1975). They must also be detailed, even to the extent of including findings of subordinate facts upon which ultimate facts are based. *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974); *Smith v. Weinberger, supra*. In general, the Administrative Law Judge must inquire into disability claims "in a manner that will *fully* and *fairly* develop the facts," *Garrett v. Richardson*, 471 F.2d 598, 603 (8th Cir. 1972) (emphasis in original), *Smith v. Weinberger, supra*; and with regard to a claimant's ability or inability to engage in any substantial gainful activity, he must consider the following four factors: (1) objective medical facts (clinical findings); (2) the medical opinions of the examining or treating physicians based upon those facts; (3) the subjective evidence of pain and disability testified to by the claimant and corroborated by other evidence; and (4) the claimant's background, work history, and present age. *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). If the claimant has more than one allegedly disabling ailment, the

Secretary must consider not just the disabling effect of each ailment in isolation but also the effect upon claimant in combination. *Lackey v. Celebreeze*, 349 F.2d 76, 79 (4th Cir. 1965) ; *Combs v. Weinberger*, 501 F.2d 1361, 1363 (4th Cir. 1974). In addition, the Secretary must explicitly consider the claimant's subjective symptoms. *Combs v. Weinberger, supra; DePaepe v. Richardson*, 464 F.2d 92, 99 (5th Cir. 1972) ; *Smith v. Weinberger, supra*, at 1007. While the Secretary has a right to reject such subjective evidence, *Reyes Robles v. Finch*, 409 F.2d 84, 87 (1st Cir. 1969), the failure to do so explicitly leads to the conclusion that such evidence has not been considered at all. *Smith v. Weinberger, supra; see Baerga v. Richardson, supra*.

 The findings of the Administrative Law Judge in this case completely ignore the claimant's subjective symptoms. The record indicates that the claimant has been hospitalized several times in part because of severe subjective complaints. (Tr. 87, 88, 97). Certainly, in her hearing before the judge, the claimant indicated that she found her subjective discomfort severe enough to be disabling. (Tr. 31, 38, 53). Indeed, the vocational expert called to testify was particularly concerned with this aspect of the case. (Tr. 51). Yet, in his findings, the judge made no mention whatsoever of claimant's subjective symptoms. Thus, it is not clear whether the judge felt he should even consider such symptoms in his determination, and it cannot therefore be said that his decision was based on substantial evidence. *Combs v. Weinberger, supra; Smith v. Weinberger, supra*. While on careful analysis on remand, the judge might very well determine that the evidence of subjective symptoms is not credible enough or strong enough in the face of other objective evidence to be sufficient for a finding of disability, *Reyes Robles v. Finch, supra*, fairness dictates that such a determination be made explicitly, especially where, as in the instant case, the question of such symptoms has been raised so emphatically by the claimant. *Combs v. Weinberger, supra*.

 The judge's findings in this case also failed to include any consideration at all of one of the medical problems alleged by the claimant, namely, allergies. While it is true that claimant did not specify this complaint in her initial application for disability benefits, it is clear that she put the matter squarely before the judge at her hearing. (Tr. 29, 39–40). In fact, the judge, in apparent acceptance of the importance of the matter, questioned the claimant about it at some length (Tr. 40–42), and the testimony of the vocational expert indicated that the effect of allergies on claimant's voice could very well disqualify her for work in her usual occupation as a telephone operator (Tr. 49, 51). In addition, there is at least some reference in the doctors' reports to allergies. (Tr. 83, 96). Yet, in his findings, the judge makes absolutely no mention of allergies. Thus, it is unclear whether he felt he should even consider the allergy problem in his determination, and it cannot therefore be said that his ultimate conclusion as to plaintiff's alleged disability was based on substantial evidence. *See Combs v. Weinberger, supra; Smith v. Weinberger, supra; Lackey v. Celebreeze, supra*. Especially since the judge heard testimony and questioned the claimant as to her alleged disabling allergies, this Court finds that it was incumbent upon him, if he was to "fully and fairly" develop the facts, *Garrett v. Richardson, supra*, at least to make a specific finding about the allergy complaint and the relationship of that complaint to the other conclusions he had reached. *See, Lackey v. Celebreeze, supra; Smith v. Weinberger, supra*, at 1010.

 This Court may, upon finding a lack of substantial evidence to support a decision of the Secretary, issue a judgment "modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (1970).

While it may be appropriate to reverse the Secretary and grant benefits to the plaintiff without a remand where the possibility of the Secretary's establishing substantial evidence for a similar conclusion seems extremely doubtful, *Taylor v. Weinberger*, 512 F.2d 664, 668–69 (4th Cir. 1975), this is not such a case. The Administrative Law Judge's conclusions here were not the product of clearly erroneous or illogical analysis; rather, he simply failed to analyze certain matters that should and must be analyzed in order for it to be said that his decision is based on substantial evidence. It is not possible for this Court to speculate as to what his ultimate conclusions would or should have been had he made the analyses he should have. *Williams v. Celebreeze, supra.* Accordingly, a remand for a de novo hearing before an Administrative Law Judge is appropriate. *See Orzel v. Finch*, 445 F.2d 150 (7th Cir. 1971). This disposition of the case, coupled with the fact that plaintiff is now represented by counsel,[1] obviates all of the complaints raised in plaintiff's Motion to Remand except the complaint about the timing of the examination of plaintiff by the Social Security Administration's consulting doctor. Since the Administrative Law Judge in reaching his conclusions did not rely entirely on this doctor's report (Tr. 11), and since nothing in the record indicates that the examination in question was scheduled by the Administration for the specific purpose of following immediately after physical therapy treatments alleged by plaintiff to be merely temporarily palliative, this Court cannot conclude that this complaint of plaintiff, standing alone, would merit an inference that the Secretary's fact-finding was either unfair or incomplete. In any event, there is nothing to prevent plaintiff at a de novo hearing on remand from attempting to rebut any lingering adverse implications of the report, should the Administrative Law Judge choose to consider it again, by submitting additional medical evidence of her own.

For the reasons stated above, it is, this 19th day of September, 1975, ordered:

1. That the Motion of the defendant for Summary Judgment be and the same hereby is, denied;

2. That this case be, and the same hereby is, remanded to the Secretary of Health, Education & Welfare for further administrative proceedings, not inconsistent with this opinion, unless the Secretary determines without such further proceedings to grant the disability benefits which plaintiff seeks.

---

1. This Court takes cognizance of the fact that the Secretary is not compelled to provide counsel, *Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); 42 U.S.C. § 406 (1970); and it is only where there is a showing of prejudice that the question of lack of counsel may warrant a finding of unfairness. *Sykes v. Finch*, 443 F.2d 192 (7th Cir. 1971); *see Easley v. Finch*, 431 F.2d 1351, 1353 (4th Cir. 1970).