Jorge RAFFA, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

No. 76 Civ. 4437.

United States District Court, S. D. New York.

May 12, 1978.

Jorge Raffa, pro se.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City by Eileen M. Fitzgerald, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Plaintiff brought this action under Sections 205(g) and 1631(c)(3) of the Social Security Act as amended (hereafter "the Act"), 42 U.S.C. Sections 405(g) and 1383(c)(3) (1974), seeking review of a final determination of the Secretary of Health, Education and Welfare ("H.E.W."). The Secretary predicated a termination of plaintiff's Supplemental Security Income ("SSI") benefits upon findings (1) that plaintiff had income in excess of the statutory limitation, and (2) that plaintiff was no longer disabled, since his work activity and the amount of his earnings demonstrated that he could once more engage in substantial gainful activity.

Defendant has moved for judgment on the pleadings pursuant to Rule 12(c), F.R. C.P., on the ground that the decision of the Secretary to terminate plaintiff's benefits is supported by substantial evidence. For the reasons hereafter stated, defendant's motion is denied.

Plaintiff began receiving benefits at the inception of the SSI program in January 1974. Plaintiff had previously been eligible for benefits under a state welfare program which was superseded by the federal program: plaintiff's state eligibility had been based upon a partial disability stemming from two broken vertebrae.

On July 21, 1975, plaintiff was notified that he was no longer eligible for SSI benefits because his income was in excess of statutory limits. Plaintiff promptly filed a request for reconsideration of this decision. On December 21, 1975, he was notified that the initial determination had been affirmed, and his last check would be received January 1, 1976.

The following day plaintiff requested a hearing before an administrative law judge of the Bureau of Hearings and Appeals of H.E.W. A hearing was held on February 26, 1976 at which plaintiff represented himself. In a decision dated March 3, 1976, the administrative law judge found the plaintiff ineligible for benefits.

Plaintiff appealed administratively, contesting the determination of excess income and cessation of disability. The Appeals Council of the Bureau of Hearings and Appeals notified plaintiff on August 30, 1976 that the decision of the Administrative Law Judge had been affirmed after consideration of "all the evidence in your case, the applicable law and regulations, the reasoning and the evaluation of the facts in the decision, and your reasons for believing that your claim should be allowed." Plaintiff then sought review in this court.

I must determine on the record as a whole whether the finding of the Secretary that plaintiff is no longer eligible for SSI benefits is supported by substantial evidence.

Since this determination is called for on a motion for judgment on the pleadings, I shall not look beyond the pleadings, and the motion should be denied if the finding of fact is not supported by substantial evidence,[1] 42 U.S.C. § 405(g); *Cutler v. Weinberger*, 516 F.2d 1282, 1285 (2d Cir. 1975), or

---

1. Upon such a review, this court does not reweigh the evidence but determines whether there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

if there is an issue of material fact raised by the pleadings as to whether or not the Secretary's finding is supported by substantial evidence. *See E. C. Robinson Lumber Co. v. Hughes*, 355 F.Supp. 1363, 1370 (E.D. Mo.1972); *Franklin Nat. Bank v. Krakow*, 295 F.Supp. 910, 915 (D.D.C.1969); *U.S. v. Chelsea Towers, Inc.*, 295 F.Supp. 1242, 1246 (D.N.J.1967), and cases cited therein.

1. The excess income claim.

■ Defendant states that plaintiff is ineligible for SSI benefits as a matter of law because he allegedly earned more than the statutory limitations for the years 1974, 1975 and 1976 set forth in Sections 1611 and 1617 of the Act, 42 U.S.C. § 1382(a)(1)(A) and 1382f (1974). While plaintiff may have earned more than the statutory limitation in 1974,[2] defendant concedes that plaintiff's 1975 income did not exceed the statutory limit.[3]

Moreover, since plaintiff's benefits were discontinued as of January 1, 1976, "the benefits in issue here are 1976 benefits. . . ."[4] Defendant concedes that plaintiff's 1976 income did not exceed the statutory limit for 1976.

. . . [T]here is no record of either 1976 earned or unearned income that might, if in excess of $2,013.60, make plaintiff ineligible for Title XVI disability benefits.[5]

Defendant's motion for judgment on the pleadings must be denied as to the excess income claim.

2. The gainful activity claim.

■ Defendant asserts that "the Administrative Law Judge's alternative holding that plaintiff is no longer disabled, having demonstrated his ability in 1974 to engage in substantial gainful activity, is completely valid and a sufficient ground, in and of itself, for the denial of plaintiff's claim that his SSI benefits were improperly terminated."[6]

The Act defines as disabled a person who is "unable to engage in any substantial gainful activity . . ."[7] Thus, pursuant to the Act, if a person does engage in or demonstrate an ability to engage in "substantial gainful activity", he is deemed to be disabled no longer. The Secretary, pursuant to Section 1614(a)(3)(D), 42 U.S.C. § 1382c(a)(3)(D) (1974),[8] has promulgated criteria for determining when services performed by an individual who claims to be disabled equal "substantial gainful activity." The applicable regulation states:

statutory limit of $1892.40 for the 1975 calendar year, but must be deducted from the payable annual benefit rate, the same $1892.40, in accordance with section 1611(b)(1) of the Act. Therefore, even assuming *arguendo* that plaintiff had been disabled in 1975, he would have been eligible for only $434.40 in benefits for that entire year.

Defendant's Memorandum of Law in Support of His Motion for Judgment on the Pleadings, filed August 24, 1977, at p. 14, fn.

4. *Id.* at p. 15.

5. *Id.*

6. *Id.*

7. Section 1614(a)(3)(A), 42 U.S.C. § 1382c(a)(3)(A) (1974).

8. "The Secretary shall by regulations prescribe the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity . . . ."

2. Plaintiff himself asserts that he earned $169.00 per week from March 1974 through December 18, 1974. If this is true, plaintiff would have exceeded the statutory minimum in 1974. However, plaintiff's own figures are contradicted by information furnished by his employer at defendant's request. See page 62 of transcript of the record of proceedings, in defendant's Answer. In this case, where plaintiff has not been represented by counsel, has difficulty with the English language, and has been faced with innumerable and confusing forms and regulations, one can only wonder at the unquestioning willingness of the Secretary to reject information supplied by plaintiff's employer in favor of the undocumented recollection of plaintiff himself, particularly when the information supplied by the employer would apparently have required a different conclusion.

3. Plaintiff received weekly unemployment insurance benefits of $82 for 48 weeks in 1975. From this total income of $3936 must be excluded $240 by (2)(A) and then $780 plus $1458 by (4)(B). This leaves non-excluded income at $1458. That total is less than the

*Earnings at a monthly rate in excess of $200.* An individual's earnings from work activities averaging in excess of $200 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity in the absence of evidence to the contrary.

20 C.F.R. § 416.934(b) (1977). Defendant alleges that plaintiff's earnings, in 1974, bring plaintiff within the ambit of this regulation.

While there is evidence in support of this conclusion, there is substantial evidence in contradiction and at least an issue of material fact,[9] barring judgment on the pleadings.

Assuming that plaintiff earned $200 per month, Section 416.934(b) provides that earnings of $200 per month establish an "ability to engage in substantial gainful activity *in the absence of evidence to the contrary*" (emphasis supplied). Plaintiff has alleged that when he did work, he suffered severe pain and the work was extremely hazardous to his health and his already disabled condition. Although defendant characterizes plaintiff's contentions as mere "self-serving statements," for purposes of a motion for judgment on the pleadings I must accept as true allegations of fact by plaintiff, the party opposing the motion. *Austad v. U. S.*, 386 F.2d 147 (9th Cir. 1967); *Levine v. Biddle Sawyer Co.*, 383 F.Supp. 718 (S.D.N.Y.1974); 2A J. Moore, Federal Practice ¶12.15 at 2343 (2d Ed. 1975).

The factors which were considered by the Secretary may constitute substantial evidence for his determination of plaintiff's ability to engage in substantial gainful activity. However, the Secretary did not, on the record, consider plaintiff's assertions and evidence as to subjective pain. As to 20 C.F.R § 416.934(b), the dispositive regulation in this case, the evidence and testimony on subjective pain may establish "evidence to the contrary" of ability to engage in substantial gainful activity. Furthermore, subjective evidence of pain by the claimant is one of the factors which always must be considered explicitly by the administrative law judge.

The factors which the administrative law judge must take into account in assessing disability are: (1) the objective medical facts; (2) diagnosis or medical opinions based on these facts; (3) subjective evidence of pain and disability testified to by the claimant or others; and (4) the claimant's educational background, age and work experience.

*Kenny v. Weinberger*, 417 F.Supp. 393, 397 (E.D.N.Y.1976), *citing Gold v. Secretary H.E.W.*, 463 F.2d 38, 41 n.2 (2d Cir. 1972). *Accord, Gaultney v. Weinberger*, 505 F.2d 943 (5th Cir. 1974). In accordance with the "remedial and beneficent" purpose of the Act, the proper course is remand to the Secretary for consideration and findings on the necessary factor which was not considered, in this instance, subjective pain. *Cutler v. Weinberger, supra,* 516 F.2d at 1285.

The case is remanded to the Secretary for reconsideration of evidence as to plaintiff's monthly earnings in 1974 and for consideration of evidence contradicting ability to engage in substantial gainful activity. *See Storck v. Weinberger*, D.C., 402 F.Supp. 603 at 607–08. Upon remand, the administrative law judge has a duty to the claimant, who is unrepresented by counsel, "scrupulously and conscientiously [to] probe into, inquire of, and explore for all the relevant facts . . ." *Cutler v. Weinberger, supra,* 516 F.2d at 1286, *quoting, Gold v. Secy., H.E.W., supra* at 43.

It is SO ORDERED.

---

9. *See* note 2, *supra.*