**Jose ORTIZ, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**No. 78 C 860.**

United States District Court,
E. D. New York.

April 25, 1979.

Leonard S. Clark, Hempstead, N. Y., Nassau County Law Services Committee, Inc., for plaintiff, by Stephen C. Herman, Brooklyn, N. Y.

Edward R. Korman, U. S. Atty., E. D. N. Y., by Jan F. Constantine, Asst. U. S. Atty., Brooklyn, N. Y. and Borge Varmer, Regional Atty., Region II, Dept. of Health, Education & Welfare, by Frank V. Smith, Deputy Regional Atty., New York City, for defendant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This action to review a denial of Supplemental Security Income (S.S.I.) benefits to plaintiff was initially referred to a United States Magistrate to review the administrative record, hear the contentions of the parties and report to the court his recommended disposition of their cross-motions for judgment. That has been done and the matter is now before the court on the Magistrate's recommendation that the case be remanded to the defendant Secretary for the development of further evidence on the controverted question of plaintiff's ability to qualify for other jobs claimed to exist in the national economy.

After an independent searching review of the record, the briefs of the parties, and their respective comments by letters addressed to the court following their receipt of the Magistrate's report, the court somewhat hesitantly accepts the Magistrate's recommendation that the case be remanded to the Secretary for further administrative proceedings. Although the court's reasons for that action differ from those of the Magistrate, his report is incorporated herein so as to avoid repetition of some of the evidence which was before the Secretary when he made his determination.

Concededly, as the Magistrate noted, plaintiff is unable to return to his former occupation as a Spanish restaurant cook because of a significant impairment of his right forearm and hand, which prevents his handling heavy cooking utensils. But however unfortunate the loss of use of an arm or hand may be, numerous cases have held that a claimant who has lost or lost use of his arm or hand may still be able to engage in substantial gainful activity. *Reyes Robles v. Finch,* 409 F.2d 84 (1 Cir. 1969) (left arm impaired); *Epps v. Mathews,* 1A Unempl.Ins.Rep. (CCH) 215,226 (W.D.Va.1976), *aff'd,* 558 F.2d 1029 (4 Cir. 1977) (right arm impaired; *Knott v. Califano,* 559 F.2d 279 (5 Cir. 1977); *Robinson v. Celebrezze,* 326 F.2d 840 (5 Cir.), *cert. denied,* 379 U.S. 851, 85

S.Ct. 98, 13 L.Ed.2d 55 (1964) (loss of right arm); *May v. Gardner,* 362 F.2d 616 (6 Cir. 1966) (loss of left arm); *Wright v. Gardner,* 403 F.2d 646 (7 Cir. 1968) (same). Here, plaintiff's inability to perform his former occupation simply placed upon the Secretary the burden of coming forward with some evidence that other work does exist which a person of plaintiff's particular background and physical condition could perform. See cases collected in *Kenny v. Weinberger,* 417 F.Supp. 393, 398 (E.D.N.Y. 1976).

In this case, in addition to the testimony of a vocational expert that for a person of plaintiff's age, education, work experience and impairment there existed a number of specific types of jobs that could be performed with one hand, the Secretary could take into account other physical and mental capabilities which sharply differentiate this case from *Maldonado v. Mathews,* cited in the Magistrate's report and relied on by the plaintiff. Here, plaintiff had performed a skilled occupation, not unskilled. Not long before he left his former employment, he renewed his operator's license to drive a car and admitted continued ability to drive a car at the time of the *de novo* hearing in September 1977. He is also able to operate a vacuum cleaner, wash the dishes and help his wife with housework, clean up the lawn, plant little bushes and "things like that." He has not looked for a job since the operation on his elbow in April 1976, and there being no record of prior earnings in this type of case, it is impossible to verify his claim of continuous previous employment over the years until, as he testified, "my work slowed down, and I collected unemployment for a while, about six months," before he decided to enter the hospital.

On such a record, the court would have been inclined to affirm the Secretary's determination were it not for his recent adoption of amended regulations which may possibly apply to plaintiff and require a different result. Those regulations, which became effective on February 26, 1979, provide, among other things, standards and guidelines for determining the ability of a particular claimant to engage in substantial gainful work in view of his age, education, work experience and physical limitations. See 42 U.S.C.A. App. 20 C.F.R. §§ 404.1503 *et seq.* and 43 Fed.Reg. 55362 *et seq.* (Nov. 28, 1978). Thus a person of plaintiff's age (54) and education (7th grade) is considered to be in the "closely approaching advanced age" and "limited education" categories and under a further vocational handicap because of his "inability to communicate in English." *Id.* §§ 404.1506–1507. In view of plaintiff's disabled dominant hand and arm, which severely limit his lifting capacity, and the specialized nature of his former occupation which casts some doubt on the transferability of his skills, it would seem that he may meet the "Disabled" guideline for determining residual functional capacity. See 20 C.F.R., *supra,* § 416.913 Appendix 2, Table 1. This, however, is a determination to be made by the Secretary, not this court.

Accordingly, the parties' respective motions for judgment are denied and the case is remanded to the Secretary for further action consistent with this opinion.

SO ORDERED.

## APPENDIX

## REPORT AND RECOMMENDATION TO JUDGE NEAHER

This action to review a decision of the Secretary of Health, Education and Welfare which denied an application for Supplemental Security Income benefits based on a disability has been assigned to Honorable Edward R. Neaher and referred by him to the magistrates of the court for a report and recommendation as to disposition. Plaintiff moves for summary judgment.

The facts are not in dispute. Plaintiff is 54 years of age and has a seventh grade education in Puerto Rico (26, 28).* Being Puerto Rican he neither reads, writes nor speaks English. He is right handed and his sole occupation is that of a skilled cook in spanish restaurants. It is heavy work. He

* References are to the certified record furnished by the Secretary.

pursued this occupation for his entire adult life until April, 1976, when an operation left his right arm virtually useless and his right hand little more than a claw. They become very painful every two or three days and are very sensitive to hot water. He can no longer perform the lifting required of his former occupation (29–37, 44–45, 47–48).

A vocational specialist testified that although plaintiff had lost the use of his dominant arm and hand, there were a number of occupations he could still perform satisfactorily all of which exist in substantial numbers in the New York City area. These include watchman, messenger, sorter-grader, quality control inspector, tester of components, and operator of various machines (48–49). Although he said plaintiff's ability to speak any English would be no barrier to these jobs in the greater New York City area he did not know how many actually existed for such people (55–56).

It being conceded that plaintiff was unable to return to his former occupation it was incumbent on defendant to demonstrate that there was other work in which he could engage considering his age, education and work experience 42 U.S.C. § 1382c(a)(3)(B); *Laffoon v. Califano,* 558 F.2d 253, 256 (5th Cir. 1977). The only issue in this case is whether the jobs, the existence of which in substantial numbers in the metropolitan area is not disputed, exist for this plaintiff who cannot even speak English. The expert could not answer that question.

"Common sense and experience tell us that even unskilled work requires some ability to read, write and communicate with superiors or fellow-employees. English, moreover, is the language of the national economy, despite the expert's statement that Spanish-speaking persons are able to find employment in a metropolitan area such as New York. No data was provided as to what kind of jobs such persons are employed in, how many are so employed, or the extent of their education, skills or work experience." *Maldonado v. Mathews,* 424 F.Supp. 301, 306 (E.D.N.Y.1976, Neaher, J.)

The record taken as a whole does not support the conclusion that there is any occupation existing in substantial numbers in the metropolitan area or in the country as a whole which the plaintiff, considering his manifest functional illiteracy could perform.

The determination of the Secretary should be reversed. The remaining question is that of appropriate disposition. Where the record demonstrates that it is unlikely that further testimony would produce additional relevant facts remand for further hearing is not warranted. *Taylor v. Weinberger,* 512 F.2d 664, 669–670 (4th Cir. 1975). However, it cannot be determined from this record whether or not the jobs the plaintiff is capable of performing are or are not available in substantial numbers to those whose only language is Spanish. The vocational expert was of the opinion that such jobs did exist in substantial numbers, but he was unable to quantify that opinion. Under these circumstances there was some evidence, albeit insufficient, to support the decision to deny benefits. Since disability hearings are not adversary proceedings it is appropriate that this case be remanded to the Secretary for the purpose of developing a record as to this plaintiff's ability to perform the existing jobs described, with a final award to abide the event. Compare *Bastien v. Califano,* 572 F.2d 908, 913 (2d Cir. 1978); *Storck v. Weinberger,* 402 F.Supp. 603, 608 (D.Md.1975).

It is so recommended.

Dated: Brooklyn, New York
      December 18, 1978

    (s) David F. Jordan
      DAVID F. JORDAN
      United States Magistrate