George **CHORATCH**, Appellant,

v.

Robert **FINCH**, Secretary of Department of Health, Education and Welfare.

No. 18951.

United States Court of Appeals, Third Circuit.

Argued Dec. 17, 1970.

Decided Feb. 16, 1971.

Bernard S. Shire, Ezerski, Shire & Bergstein, Monessen, Pa., for appellant.

Richard L. Thornburgh, U. S. Atty., David Curry, Pittsburgh, Pa. (Douglas D. McBroom, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This action was brought under § 205(g) of the Social Security Act, 42 U. S.C. § 405(g) to review a decision of the Secretary of Health, Education and Welfare denying the plaintiff disability insurance benefits. Summary judgment was entered for the Secretary and the claimant now appeals.

Here, as frequently is the case, it was essential to determine whether the plaintiff's disability at the time claimed was such that he could not "engage in any * * * substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, * * * or whether he would be hired if he applied for work." Social Security Act § 223(d) (2) (A), 42 U.S.C. § 423(d) (2) (A) (Supp. V, 1970). The same section defines "work which exists in the national economy" as "work which exists in significant numbers [sic] either in the region where such individual lives or in several regions of the country."

Testimony on the existence of such work opportunity at the time in question was slight and rather unclear. More important, the hearing examiner's decision contains no finding whatever as to the existence at any relevant time and place of work opportunities such as the allegedly disabled claimant was physically and mentally competent to fill.

Section 223(d) places harsh limitations upon the eligibility for disability benefits of persons whose physical ability to work is seriously impaired and whose chance of obtaining employment may be nil. See Gentile v. Finch, 3d Cir. 1970, 423 F.2d 244, 248. We think it is not too much to require that an administrative decision that a claimant is not eligible because of the restrictions imposed by that section be supported by explicit findings of all facts that are essential to the conclusion of ineligibility. The absence of a finding that jobs which the present claimant was able to perform existed in significant numbers in a specified region at the relevant time invalidates the administrative decision against the appellant's claim.

The appellant, who now is represented by counsel but did not have counsel at the administrative hearing, also complains that, because he did not fully understand some questions and at times did not articulate clearly, he was unfairly handicapped during the making of the administrative record. Our disposition of this appeal makes it unnecessary to adjudicate the merits of this contention.

The judgment will be reversed and the cause remanded to the district court with instructions to vacate the decision of the Secretary and remand the cause for a further hearing and a redetermination of the disability claim.