**Albert T. BURKHART**

v.

**The SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**Civ. A. No. 72–834.**

United States District Court,
W. D. Pennsylvania.

July 13, 1973.

Laughlin, Gilardi & Cooper, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

GOURLEY, District Judge.

This is a complaint filed pursuant to the Social Security Act, 42 U.S.C.A. § 405(g) seeking review of defendant's final decision denying plaintiff disability benefits. The immediate matter before the Court is defendant's Motion for Summary Judgment.

Based on a review of the record as a whole and the briefs of counsel, the Court is constrained to conclude that substantial evidence to support the defendant's determination does not exist. Accordingly, the instant motion should be denied. Gentile v. Finch, 423 F.2d 244 (3d Cir. 1970).

The record reveals that plaintiff attained an eighth grade education. He has held various jobs including laborer, machinist helper, truck driver helper, and truck driver. Aside from his stated disability of a broken bone and arthritis of the lower spine, the record reveals a possibility that plaintiff is a psychopathic personality type. It seems to the Court that proper evaluation of plaintiff's disability has not and cannot be had without psychiatric testimony being presented by plaintiff and defendant, with an opportunity for both to have appropriate psychiatric examinations performed and placed in the record. Examples of apparent emotional problems include his continual wearing of a hat, indoors and out; contradictory claims of his inability to do any work, while at other times contending ability to lift 200 pounds from the floor and 500 pounds from the table; and his claimed proficiency in medical surgery.

In addition to a potential medical disability, there is a lack of substantial evidence flowing from the absence of testimony regarding jobs which plaintiff could perform. Unquestionably, he would be unable to return to any previously held occupation. When asked a hypothetical question based on the plaintiff's testimony relating to his disabilities, the vocational expert stated that if all these conditions existed, plaintiff's ability to successfully perform light or sedentary work would be seriously decreased; he would be severely limited.

Thus, it would appear that there has been no showing that there are jobs in the area of plaintiff's residence which he could perform. Without such demonstration, the hearing examiner's determination is invalid and should be remanded to allow evidence to show what, if any, work would be available to plaintiff in view of his physical conditions.

Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971).

In view of the foregoing, defendant's Motion should be denied, and the matter remanded to receive evidence as set forth herein.

An appropriate Order is entered.