William H. HERBENICK

v.

Caspar WEINBERGER, Secretary of
Health, Education and Welfare.

Civ. A. No. 73-298.

United States District Court,
W. D. Pennsylvania.

Jan. 17, 1974.

James R. Barozzini, Pittsburgh, Pa.,
for plaintiff.

Richard L. Thornburgh, U. S. Atty.,
Pittsburgh, Pa., for defendant.

OPINION AND ORDER

GOURLEY, Senior District Judge.

This is a complaint filed pursuant to
the Social Security Act, 42 U.S.C.A. §
405(g) to review a final decision of de-
fendant denying plaintiff disability ben-
efits for a period beginning July 5,
1970, and ending January 3, 1972, when
plaintiff returned to work. The imme-
diate matters before the Court are plain-
tiff's and defendant's motions for sum-
mary judgment.

■■ If substantial evidence exists
supporting the denial of disability bene-
fits, the Secretary's determination must
be affirmed. Gentile v. Finch, 423 F.2d
244 (3d Cir., 1970). Having reviewed
the entire record, the Court must con-
clude that there is substantial evidence
to support the action taken by defend-
ant, and accordingly the defendant's mo-
tion should be granted and plaintiff's
motion should be denied.

The record reveals that plaintiff, born
on January 22, 1917, completed eight
years of school. He was principally em-
ployed in the steel industry as a laborer
and as a first helper on open hearth and
electric furnaces. Plaintiff contends
that he became unable to work for the
eighteen month period stated above as a
result of difficulty in breathing. In ad-
dition, plaintiff's other medical com-
plaints include a running right ear,
cramps in the fingers, feet, and side,
and a condition which required pituitary
gland surgery in 1961.

All of these conditions were properly evaluated by defendant. Except for the breathing difficulty, all of plaintiff's medical problems never required him to cease working. Although the respiratory ailment was first thought to be emphysema, the final diagnosis revealed a non-malignant growth on the upper left lung. While the plaintiff has unquestionably experienced some breathing difficulty, the totality of conditions endured by him during the eighteen month period for which he seeks benefits cannot be deemed disabling. Plaintiff has not met his burden of proof in this respect. Bittel v. Richardson, 441 F.2d 1193 (3d Cir., 1971).

The record reveals that plaintiff at no time was prevented from engaging in lightly strenuous work activity for the one year continuous period required by the Social Security Act. Indeed, he was able to use a riding lawn mower at home and he assisted in carrying packages from shopping trips. In addition, plaintiff freely admitted that he declined three or four contacts from the Pennsylvania State Bureau of Vocational Rehabilitation relative to job placement or training principally because he remained on his employer's payroll. This refusal further fortifies the conclusion that he has not met his burden of proof relative to establishing a disability. Dupkunis v. Celebrezze, 323 F.2d 380 (3d Cir., 1963).

In spite of his condition, the Court is satisfied that there were several jobs of a light to medium range which the plaintiff could have physically and vocationally performed that were reasonably available to him within the immediate area of his residence. Choratch v. Finch, 438 F.2d 342 (3d Cir., 1971). The jobs included ceramic machine operator, sorter and checker, and an assembly worker which would allow the person to be seated while performing his job duties.

In view of the foregoing, it is the considered judgment of the Court that defendant's motion should be granted and plaintiff's motion denied.