Milagros Santiago **HERNANDEZ**,
Plaintiff, Appellant,

v.

Caspar W. **WEINBERGER**, Secretary of
Health, Education and Welfare,
Defendant, Appellee.

No. 73-1342.

United States Court of Appeals,
First Circuit.

Submitted Feb. 5, 1974.

Decided March 15, 1974.

Luis F. Gomez, San Juan, P. R., for plaintiff, appellant.

Kathryn H. Baldwin, Atty., Dept. of Justice, with whom Irving Jaffe, Acting Asst. Atty. Gen., and Julio Morales-Sanchez, U. S. Atty., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal under 42 U.S.C. § 405(g)(1964) from the denial of Social Security benefits to a young female claimant who has alleged disability due to varicose veins since April 3, 1970. The record in this case consists of the transcript of a hearing where the claimant testified, of various medical reports, and the decision of the hearing examiner. The hearing examiner's decision, affirmed by the Appeals Council, became the decision of the Secretary and was affirmed by the district court. This has proven to be one of the rare cases of this genre where, after our own scrutiny of the record, we find missing an essential ingredient of decision and therefore remand for further consideration.

The claimant at the time of filing was 27 years of age, educated through the eighth grade and had for seven years prior to 1970 worked as an industrial laundry worker. Her problem began during her second pregnancy and was aggravated during later pregnancies until it required surgery. Later, her condition became so painful that she could not continue to work at her job, which required prolonged periods of standing and walking. After terminating her employment, she did some housework but left the heaviest work for others.

The medical evidence adduced indicated that the plaintiff had undergone venous surgery and that she suffered from some post operative pain as well as new varicosities for which further surgery was recommended along with the wearing of elastic stockings. The medical testimony also indicated that there was no impairment of arterial circulation, no ulcers or fissures. One of the doctors was unable to correlate medical findings to symptoms. He thought that the claimant's activity should not be affected. Another doctor found no edema, no ulcerations, no limitation in her ability to bend, stoop, squat and ambulate. All agreed that prolonged standing or walking would be limited by pain. The hearing examiner accepted this proposition

in finding the claimant was able only to do light or sedentary work.

Nonetheless, the Secretary denied claimant entitlement to disability insurance benefits or to a determination establishing disability, on the ground that she did not have an impairment of sufficient severity to prevent her from engaging in light or sedentary work, and therefore no impairment of sufficient severity to prevent her from engaging in "any substantial gainful activity." 42 U.S.C. § 423(d). No vocational expert testified as to what jobs the plaintiff could perform. The Secretary neither identified the specific type of work that the plaintiff could do nor establish that such work was available in the economy. Rather, the Secretary took administrative notice of the fact that jobs of a light and sedentary nature exist in the national economy.

The dispositive issue on appeal is not a factual determination of the extent of the incapacity. The claimant did establish by medical evidence her inability to return to her job as launderer which required substantial periods of standing and walking. This proposition is not contested. The legal questions raised, therefore, are whether the Secretary must at this point come forward with a showing of capacity to do work that is available; and, if so, is the Secretary's burden satisfied by his taking administrative notice of the general availability of light and sedentary work in the national economy?

■ This question is not one of first impression in this circuit. In Torres v. Celebrezze, 349 F.2d 342 (1965), we set forth the requirements for a prima facie showing of disability: "The language of § 223(c)(2) places the initial burden on the claimant. However, . . . the claimant sustains his burden by showing that he is unable to return to his former type of work." Once this is accomplished the "burden is . . . on the government to offer evidence showing there is generally available employment of the kind for which he is fit and quali-

fied." Torres, 349 F.2d at 345 (citations omitted). We reaffirmed this proposition in Reyes Robles v. Finch, 409 F.2d 84, 86 (1st Cir. 1969).

■ The Secretary argues that the 1967 amendment to § 423(d)(2) renders all prior law on this point invalid. The Act as amended provided:

"An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence . . . 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

The 1967 Amendment has not changed the rule that once a claimant shows evidence of his physical impairment which bars him from his prior employment, the Secretary has the burden of going forward with evidence of other available employment. The only change is the type of evidence that must now be adduced. The Secretary is not obliged to demonstrate that the claimant would actually be hired but he must show that there are specific jobs in the national economy which the claimant is capable of doing. Meneses v. Secretary of HEW, 143 U.S.App.D.C. 81, 442 F.2d 803 and see n. 11 at 804 (1971); accord, e. g., Orzel v. Finch, 445 F.2d 150 (7th Cir. 1971); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Gray v. Finch, 427 F.2d 336 (6th Cir. 1970).

■■ The burden of coming forward shifts "when the claimant has made a showing of inability to return to his

former work, and the record does not otherwise contain any evidence of claimant's ability to engage in substantial gainful work. If the Government meets its burden of coming forward, then the claimant has the overall burden of showing that his disability precludes substantial gainful work." *Meneses*, 442 F.2d at 806. Most of the cases cited by the Secretary and the district court support only this last contention. They illustrate the point that if the Secretary comes forward with vocational evidence in the form of expert vocational testimony or the existence of a prior job which was within the claimant's physical capacity the overall burden remains with the claimant. Johnson v. Finch, 437 F. 2d 1321 (10th Cir. 1971); Miller v. Finch, 430 F.2d 321 (8th Cir. 1970); Brown v. Finch, 429 F.2d 80 (5th Cir. 1970); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970); Goad v. Finch, 426 F.2d 1388 (6th Cir. 1970); Wells v. Finch, 418 F.2d 1247 (4th Cir. 1960).

■ Some of the cases indicate only that when the claimant has failed to establish his inability to continue his work the Secretary has no burden of coming forward. Floyd v. Finch, 441 F.2d 73, 76 (6th Cir. 1971); Reyes Robles v. Finch, 409 F.2d 84 (1st Cir. 1969). The only case which offers partial support to the Secretary's contention either that he has no burden of coming forward or that it is satisfied by taking administrative notice is Breaux v. Finch, 421 F.2d 687 (5th Cir. 1970), where there was evidence that the claimant suffered only a 20 per cent disability and that he could engage in the specific light work of a janitor, watchman or deliveryman of light objects. The Secretary at that point took administrative notice that such jobs existed in the national economy. We would agree to the extent that once evidence of capacity to do specific jobs is put forward and the jobs named are commonly known to "exist in the national economy" it is permissible for the Secretary to take notice of this fact. Breaux v. Finch, *supra*, 421 F.2d at

689–690; cf. Meneses, *supra*, 442 F.2d at 809.

■ ■ ■ However, in the case now before us the Secretary came forward with no evidence showing that, considering claimant's age, education, work experience and impairment, there are jobs which she could perform. The claimant testified that for the seven years prior to the claim she had been an ironer and later a clerk packaging clothing and putting it on a delivery truck, all of which required standing. Prior to that time she had worked five to six years as a finisher or trimmer in factories; these jobs required her to stand. The only evidence that could be regarded as in any way related to her ability to do work of a sedentary nature was testimony of the claimant in response to questioning:

"Q. Have you ever been trained to operate a sewing machine?

A. When I was at the laundry and for the time that I was pregnant they would let me sit at the machine but that was not my job—that job belonged to another girl.

Q. What would that machine do?

A. That was a darning machine, weaving, to fix the clothes that were torn. It was like a sewing machine but it was used for darning and weaving."

At that point this line of questioning was dropped. This inconclusive bit of information in no way satisfies the requirements of producing evidence on the skills of the particular claimant and the availability of work which matches those skills. Since the Secretary had the burden of coming forward, his failure to do so leaves his findings without substantial evidence required by 42 U.S.C. § 405(g). *Meneses, supra,* 442 F.2d at 809.

The judgment of the District Court is vacated, and the case is remanded to that court with instructions to remand to the Secretary for further proceedings consistent with this opinion.