Herbert F. SMALL, Plaintiff, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant, Appellee.

No. 77–1268.

United States Court of Appeals, First Circuit.

Argued Oct. 5, 1977.

Decided Nov. 22, 1977.

Gordon E. Stein, with whom Smith &
Stein, Hallowell, Me, was on brief, for
plaintiff, appellant.

George Eng, Asst. Regional Atty., Dept. of Health, Ed., and Welfare, Boston, Mass., for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and CRARY, District Judge.*

LEVIN H. CAMPBELL, Circuit Judge.

The only question which we believe to be of substance in this appeal from the district court's decision upholding the Secretary's denial of social security disability benefits, 42 U.S.C. § 405(g), is whether the agency has made sufficient findings to enable a court to afford meaningful review. Finding that it has not, we remand for further proceedings.

Claimant Herbert F. Small initially applied for total disability social security benefits on October 18, 1973. After exhausting the administrative process, he received a hearing before an administrative law judge, whose determination of no disability was affirmed without opinion by the Secretary. 42 U.S.C. § 405(b). The record before the agency shows as follows:

Small had worked as a semi-skilled laborer in a variety of areas before settling down as a shoe factory worker. His most recent job involved standing at a machine and lifting 25 to 35 pound boxes, activities which became difficult and uncomfortable as his back problems developed. He aggravated the back injury while lifting a heavy object at work in January, 1973. After a layoff, he attempted to resume work at the shoe factory but quit permanently in July following further aggravation. Four doctors examined Small, and all agreed that he suffered from some form of arthritis in his lower back. The essential dispute involves the severity of the disease and the degree of his incapacitation.

Dr. Peddie, a GP who had treated Small since January 1973, reported that Small evidenced loss of lumbar lordosis and marked limitation of movement, and could stand and walk only with difficulty. Peddie concluded Small was completely disabled. Dr. Dela Cruz, a neurosurgeon who examined Small in September and October, 1973, reported that Small exhibited moderate tenderness but that the physical and neurological findings essentially were negative. He diagnosed Small as suffering from small amounts of osteoarthritis and degenerating disc material. In October 1973 Dela Cruz recommended vocational rehabilitation for Small but two months later reported to a private insurer that Small was totally disabled. The prognosis was altered due to the patient's age and limited education.

Two government doctors concurred in the diagnosis of arthritis but disagreed as to the extent of disability. Dr. Walsh, a specialist in physical medicine and rehabilitation, examined Small in November 1973. He observed some limitations of flexion and extension and tenderness in the lumbosacral area, but did not believe the indicated arthritis would require any greater vocational limitation than avoidance of stooping and heavy lifting. Dr. Giesen, an orthopedic surgeon, examined Small a month later. He could not detect any physical dysfunction and offered three diagnoses:

1) early chronic degenerative arthritis;

2) early disc disintegration;

3) anxiety neurosis manifested as lower back pain.

He did not give an opinion as to what physical or work restrictions, if any, were placed on Small by his problem.

A private insurer paid Small total disability benefits as defined under its policy for a period of twelve weeks. The Veterans Administration initially balked at granting him disability benefits, apparently because of Dr. Giesen's observations, but after a hearing that agency decided to credit the conclusions of Small's doctors and awarded 100% disability payments. These determinations were, of course, not conclusive of disability under 42 U.S.C. § 423. *Cutler v. Weinberger,* 516 F.2d 1282 (2d Cir. 1975); *Moon v. Celebrezze,* 340 F.2d 926 (7th Cir. 1965).

* Of the Central District of California, sitting by designation.

The only additional evidence introduced at the HEW hearing was the testimony of Small and his wife concerning the extent of his discomfort and limitations. Small portrayed himself essentially as a cripple, unable to do much more than lie in bed or walk around the house. He could drive in emergencies or perform other light chores, but even these tasks cost him enormous pain. He testified that he could neither stand nor sit for any prolonged period.

The HEW administrative law judge plainly did not credit the Smalls' testimony. In his opinion denying disability he concluded:

> Basically, the findings of disability and the opinions as to disability by the doctors involved in the claim are based upon the claimant's complaints. . . . It appears that all of the doctors who have examined the claimant have tended to give him the benefit of the doubt, that doubt being that they cannot find upon examination conditions to support the complaints. Of particular interest to the Administrative Law Judge is that muscle spasm is not present and, apparently, has not been present. This, of course, is one of the classic symptoms. The Administrative Law Judge is unable to accept the finding of disability, and the opinions of the attending physicians. Stated very simply, in the opinion of the Administrative Law Judge the clinical and laboratory findings do not support the diagnosis and the opinion of the attending physicians. It is the opinion of the Administrative Law Judge that the claimant, who testified to having been a military policeman, is able to perform a civilian version of that work which is certainly available within the region, that is to say, guard and security work. The Administrative Law Judge is unconvinced that this claimant is disabled within the meaning of the Social Security Act. His complaints of pain, considered together with the findings of the doctors, appear to the Administrative Law Judge to be exaggerated.

Small remained free to file any new claim for disability benefits until his eligibility expires on March 31, 1978.

We note initially that the administrative law judge made no findings as to whether Small could return to his former employment. This is an unfortunate omission, although it is the least serious of several. While the judge made it clear that he felt Small was exaggerating his complaints, the lack of any finding that he could return to the shoe factory, coupled with the reference to guard and security work, suggests that the administrative law judge assumed the previous job to be too taxing. Indeed, it is doubtful if substantial evidence would exist to support a finding of fitness for former work, since the former work involved lifting and stooping which even the government's doctor thought Small should avoid. And there are no findings to suggest that Small could resume his old employment without engaging in lifting or stooping. *See Pelletier v. Secretary of HEW*, 525 F.2d 158, 161 (1st Cir. 1975). Accordingly it would appear that Small made out a prima facie case of entitlement by proving his inability to perform his previous work. 42 U.S.C. § 423(d)(1), (2); *Hernandez v. Weinberger*, 493 F.2d 1120 (1st Cir. 1974). Once such a prima facie case has been made, the burden shifts to the Government to show that there is other work that the claimant is able to perform. *Id.* at 1122.

In *Hernandez, supra,* a young woman suffering from varicose veins could no longer work as an industrial laundry worker because of her inability to remain standing for long periods. Benefits were denied on the assumption that she still could engage in light or sedentary work. No vocational evidence was introduced, and the agency did not specify the type of work she could perform. We agreed that

> once evidence of capacity to do specific jobs is put forward and the jobs named are commonly known to "exist in the national economy" it is permissible for the Secretary to take notice of this fact.

*Id.* at 1123. But we concluded that there was inadequate evidence, even assuming

the appropriateness of taking administrative notice of the existence of certain jobs, that, "considering claimant's age, education, work experience and impairment, there are jobs which she could perform." We pointed to the lack of evidence on the skills of the particular claimant and the availability of work which matches these skills. *Id.* at 1123. Consequently the case was remanded to the agency for such a determination.

■ The problem here is not a lack of evidence of matching skills. The administrative law judge could properly decide from Small's military police background that he had the experience and training to do guard and security work. What is lacking are findings of the most rudimentary sort explaining the judge's assumption that Small was *physically* qualified for guard and security work. Besides stating that he "is unable to accept the opinions of the attending physicians", and that Small's complaints are "exaggerated", the judge made no attempt to describe Small's actual level of function as he saw it, nor did he describe the particular sort of guard and security work he has in mind, nor was there any evidence in the record descriptive of such work. We are left guessing whether the judge saw Small as partially impaired but nonetheless well able to perform certain types of undescribed jobs which the judge felt existed within the general guard-security area, or else as virtually problem free and hence able to perform physically taxing work of almost any sort. Without some indication of what the judge had in mind, we cannot fairly review Small's claim in terms of whether this is substantial evidence to support the Secretary's findings. If partial impairment was found to exist, vocational evidence might well be required to demonstrate the type of employment available to Small. If there was no disability at all, the judge could take administrative notice of such common jobs as security guards.[1]

■ The Secretary has an obligation both to claimants and to reviewing courts to make full and detailed findings in support of his ultimate conclusion. 42 U.S.C. § 405(b); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975); *Choratch v. Finch*, 438 F.2d 342, 343 (3d Cir. 1971); *Williams v. Celebrezze*, 359 F.2d 950, 952 (4th Cir. 1966); *Weicht v. Weinberger*, 403 F.Supp. 244, 246 (D.Md.1975); *Chester v. Mathews*, 403 F.Supp. 110, 113 (D.Md. 1975); *Szumowski v. Weinberger*, 401 F.Supp. 1015 (E.D.Pa.1975); *Davis v. Weinberger*, 390 F.Supp. 813, 816 (M.D.Pa.1975). Because the Secretary has not discharged his obligation here, the case must be remanded to him for further findings and, but only if necessary, the taking of additional evidence relating both to the extent of Small's actual disability and to the requirements of any proposed alternative employment.

---

1. A comparison between this case and *McLamore v. Weinberger*, 538 F.2d 572 (4th Cir. 1976), where administrative notice was permitted, is instructive. There a claimant had made a prima facie case of entitlement by showing a back injury had rendered him unable to work as a general laborer, his previous occupation. But the agency took into account the claimant's age (26), high school education, and relatively slight injury in determining alternative work as available.

Finally, the judge administratively noticed specific light and sedentary jobs in South Carolina's Job Guide which fit the claimant's physical and mental capacities. The *Job Guide*, published by the South Carolina Employment Security Commission in 1973, is used by both federal and state agencies to assist in vocational placement. The pamphlet contained numerous job opportunities available in the South Carolina economy. The administrative judge selected cloth examiner, spotter trainee (in the laundry industry), telephone solicitor, transit clerk in banking, machine presser and cashier as among specific jobs which a person of McLamore's qualifications could perform.

*Id.* at 574–575. The court sustained the Secretary's determination. Here, by contrast, findings have not been made as to what physical constraints Small is believed to have, if any. Without such findings—and without our knowing what type of guard and security jobs the judge was thinking of for Small—it is impossible for us to tell whether his determination is supported by substantial evidence combined with a properly limited use of administrative notice. An unknown physical condition cannot be matched to an undescribed job.

*Remanded for proceedings in accordance with this opinion.*