**Calvin MATHIS, Plaintiff**
vs.
**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant**

**No. 80-482-S**

United States District Court
Commonwealth of Massachusetts

**January 19, 1982**

**Richard K. Latimer, esq.,** counsel for plaintiff.
**Assistant U.S. Attorney,** counsel for defendant.

### MEMORANDUM AND ORDER

**Skinner, D.J.** This is an action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to challenge the Secretary's denial of plaintiff's application for Supplemental Security Income ("SSI"). 42 U.S.C. § 1381 **et seq.** The matter is now before me on cross-motions for summary judgment. For the reasons which follow, plaintiff's motion is ALLOWED and the case remanded for further proceedings.

At the time of the hearing before the Administrative Law Judge ("ALJ") in 1979, plaintiff was 35 years old. He has a seventh-grade education. He has worked as a construction laborer and as a truck, driver. His disability is alleged to have begun in August, 1977, when he fell and injured his back. Because of that fall, he suffers from low back strain, cervical strain, post status fractured ribs, and constant back pain. He also has a low IQ, as well as anxiety and neurosis.

Plaintiff applied for SSI benefits in January, 1979. After the initial denial of his application, he requested a hearing which was held on September 10, 1979.

Plaintiff and one doctor, Dr. Geiss, were the only witnesses.

On the basis of the evidence presented and the testimony given at the hearing, the ALJ concluded that plaintiff was not disabled within the meaning of the Act. He first found that while plaintiff's impairments were sufficient to prevent him from returning to his old job, plaintiff retained the ability to engage in sedentary work. He also found that plaintiff's anxiety and neurosis did not significantly affect his residual functional capacity. The ALJ then applied Table 1 of the "Medical-Vocational Guidelines" ("Guidelines"), 40 C.F.R. 404, Subpart P, App. 2 (1981), to determine if plaintiff was disabled. Considering plaintiff's age, education, previous work experience, and ability to engage in sedentary work, the ALJ held that Rule 201.24 of the Guidelines directed a finding of not disabled. His decision was affirmed by the Appeals Council on February 13, 1980.

Plaintiff challenges the Secretary's determination on two grounds. First, he maintains that it is improper for the Secretary to rely on the Guidelines in any case in which the Secretary has the burden of proving that the claimant can engage in substantial gainful activity. Second, even if application of the Guidelines is appropriate in some cases, plaintiff argues that they were improperly applied in his case because he cannot perform the full range of sedentary jobs contemplated by the Rules in Table 1.

Review of the Secretary's decision is limited to determining if it was supported by "substantial evidence". 42 U.S.C. § 405(g), **Rodriguez v. Secretary of Health & Human Services,** 647 F.2d 218, 222 (1st Cir. 1981). While this is a limited form of review, it is not a cursory one. **Vitek v. Finch,** 438 F.2d 1157, 1158 (4th Cir. 1971). If, after a careful review of the record, I find that the decision was not supported by substantial evidence, the case must be reversed or remanded for further proceedings. **Id.,** 42 U.S.C. § 405(g).

In this case, the Secretary's finding that plaintiff's impairments prevent him from returning to his past work is not challenged. That finding shifted the burden of proof onto the Secretary to show that plaintiff can perform certain jobs and that those jobs exist in the national economy. **Hernandez v. Weinberger,** 493 F.2d 1120 (1st Cir. 1974). Plaintiff argues that the Secretary's use of the Medical-Vocational Guidelines to meet that burden is improper.

Several recent decisions of the First Circuit Court of Appeals have given "qualified approval" to the use of the Guidelines to meet the Secretary's burden. **Torres v. Secretary of Health & Human Services,** No. 81-1119, slip op. at 4 (1st Cir. Dec. 24, 1981), **Gagnon v. Secretary of Health & Human Services,** No. 81-1187, slip op. at 1, n.1 (1st Cir. Dec. 4, 1981). These cases have held that where there is sufficient evidence to show that a claimant has the capacity to perform the work specified in the Guidelines, the Secretary can use the Guidelines to take administrative notice of the existence of that work in the national economy. **Geoffroy v. Secretary of Health & Human Services,** No. 80-1798, slip op. at 45 (1st Cir. Sept. 28, 1981), **citing, Hernandez v. Weinberger,** 493, F.2d at 1123, **Small v. Califano,** 565 F.2d 797, 800-801 (1st Cir. 1977).

The cases and regulations also require, however, that a claimant meet all the criteria stated in a Rule before the Guidelines can be applied. 40 C.F.R. 404, Subpart P, App. 2, Rule 200.00(a); **Gagnon v. Secretary of Health & Human Services,** slip op. at 3. Not only does a claimant have to be of the age, education, skill, and strength level specified in the Rule,[1] he also has to be able to engage in the "full range of jobs" included therein. **Id.** at 7. Where a claimant has

---

1. Plaintiff does not challenge the Secretary's findings with respect to his age, education, skill, and strength level.

certain "non-exertional impairments (such as "certain mental, sensory, or skin impairments", Rule 200.00(e), "postural" or "manipulative limitations or environmental restrictions," Id. or pain[2]) which could limit the number of jobs he can perform within a given strength category, the Secretary is required to make a specific finding as to the impact of those impairments on the claimant's ability to engage in the full range of jobs contemplated by the Rule. **Gagnon v. Secretary of Health & Human Services,** slip op. at 7-8. If his ability to perform those jobs is limited, then the secretary cannot rely on the Guidelines, but rather, "must give 'full consideration' to 'all relevant facts', including the taking of expert vocational testimony if necessary, before concluding that (the claimant) is either 'disabled' or 'not disabled'. (footnotes omitted) **Id., quoting** Rule 200.00(a).

Plaintiff maintains that his non-exertional limitations (pain, low IQ, anxiety and neurosis) were of sufficient severity to prevent him from engaging in the full range of sedentary activity contemplated by the Rule applied in his case (Rule 201.24). As a result, he contends that the Secretary should not have relied on the Guidelines but should have conducted a more detailed inquiry into his capacity to perform specific jobs.

Unfortunately, the Secretary only made a specific finding as to the impact of plaintiff's anxiety and neurosis on his ability to engage in sedentary activities.[3] He did not make a specific finding as to the effect of plaintiff's pain on his ability to engage in the full range of sedentary activity contemplated by the Rule,[4] nor did he give close attention to the effect of plaintiff's marginal IQ and education.[5]

The Secretary's failure to make a specific finding as to the effect of plaintiff's pain upon his ability to engage in the full range of sedentary work requires a remand of this case. The evidence clearly shows, and the ALJ found, that plaintiff must alternate sitting and standing because of his pain. This finding alone indicates that plaintiff is probably unable to engage in the "full range" of sedentary activity contemplated by the Guidelines. See, **Deutsch v. Harris,** 511 F.Supp. 244, 247. (S.D. N.Y. 1981) (case remanded where the "ALJ failed to deal with medical evidence which indicated that the plaintiff must alternate sitting and standing, a fact which makes it unclear whether the plaintiff can perform sedentary work within the meaning of the regulations.") If the Secretary finds that plaintiff cannot perform the full range of sedentary activity, then the Guidelines cannot be applied, and full consideration of plaintiff's capacity to perform specific jobs, including testimony from a vocational expert, will be necessary. Rule 200.00(a), **Gagnon v. Secretary of Health & Human Services,** slip op. at 7-8 and n.9.

Accordingly, plaintiff's motion for summary judgment is ALLOWED and the case is remanded for proceedings consistent with this opinion.

**Walter Jay Skinner**
**United States District Judge**

---

2. Pain can be a non-exertional impairment where it is "significant enough to prevent the claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies." **Gagnon v. Secretary of Health & Human Services,** slip op. at 7, n.8.

3. The ALJ found that plaintiff's "mild anxiety and neurosis do not significantly affect his residual functional capacity." Given my holding on other aspects of the ALJ's decision, it is not necessary to determine if this finding was based on substantial evidence.

4. The ALJ did consider plaintiff's pain in finding that he could only perform sedentary work.

5. The evidence shows that plaintiff has a full-range IQ of 81, a performance IQ of 78, and a limited education. He has very similar characteristics to the individual described in example 2 of Rule 201.00(h). In that example, the Guidelines are said not to apply where the claimant is a younger individual, illiterate, with an IQ of 78, unable to perform his past work, and restricted to unskilled sedentary work. They do not apply because his nonexertional impairments prevent him from performing "the full range of work defined as sedentary." Rule 201.00(h).