**Karen L. HOCKNEY,**
**Plaintiff, Appellant,**

v.

**SCHOOL COMMITTEE OF LYNN, et al., Defendants, Appellees.**

**No. 84–1232.**

United States Court of Appeals,
First Circuit.

Submitted Oct. 5, 1984.
Decided Nov. 2, 1984.

Karen L. Hockney on brief, pro se.

Daniel J. Horgan, Jr., Lynn, Mass., on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

PER CURIAM.

The plaintiff, Karen Hockney, appeals from the decision of the district court following a trial without a jury. Her claim, based on 42 U.S.C. § 1983, alleged that the defendant School Committee violated her constitutional rights to due process and equal protection, as well as her contractual rights under a collective bargaining agreement, when she was laid off by the School Committee during the 1982–1983 school year. The plaintiff, a tenured teacher, was one of a large number of teachers [1] laid off

---

1. The exact number laid off is not clear from the record.

that school year due to cuts in the budget resulting from the passage of "Proposition 2½." [2]

■ One of the plaintiff's arguments before the district court was that she was denied due process, because she was not given thirty days notice prior to the School Committee's meeting at which the vote was taken to terminate her. Such a thirty-day notice requirement is contained in Mass. Gen.Laws c. 71, § 42. However, as the district court determined, the Massachusetts Supreme Judicial Court has held that "the notice and hearing requirement of § 42 are inapplicable" when a tenured teacher is laid off solely due to budgetary considerations. *Boston Teachers Union, Local 66 v. School Committee of Boston*, 386 Mass. 197, 216, 434 N.E.2d 1258 (1982).

■ On appeal the plaintiff argues that § 42 is unconstitutional as applied to her and violates the Due Process Clause.[3] However § 42, as construed by the Supreme Judicial Court, does not apply to the plaintiff, so that its constitutionality is not relevant to the School Committee's actions in regard to her. If we construe her argument to mean that the notice and hearing requirement such as that contained in § 42 should apply to her, we hold that the notice and opportunity for a hearing that she in fact received was sufficient to satisfy the Due Process Clause. She received notice that she would be laid off thirty days before she was terminated. Under the provisions of the collective bargaining agreement she could have initiated a grievance before she was terminated. The district court found that she committed procedural errors in her apparent attempt to file a grievance and thus lost her right to a hearing under the terms of that agreement. The district court's finding is supported by the record and is not "clearly erroneous." Fed.R.Civ.P. 52(a).[4]

■ The plaintiff also argues that she was denied the equal protection of laws because she was laid off when two teachers without tenure were not laid off. The district court found that the two teachers had special training which qualified them to teach classes which the plaintiff was not qualified to teach and that the plaintiff failed to prove any purposeful discrimination. Those findings are fully supported by the record.

■ The plaintiff argues that Mass.Gen. Laws c. 71, § 41, denied her equal protection by providing a notice requirement for teachers without tenure (those "not serving at discretion") but no comparable notice requirement for those with tenure. This contention was not presented to the district court; thus, we need not consider it. *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979). In any event, this notice provision for teachers without tenure does not abridge "the power of the school committee to dismiss or suspend during the school year a teacher who has been elected but is not serving 'at discretion.'" *DeCanio v. School Committee of Boston*, 358 Mass. 116, 120, 260 N.E.2d 676 (1970). Thus § 41 does not give teachers without tenure more rights than accorded to teachers with tenure.

■ The plaintiff's final contention on appeal is that "the lower court substituted its judgment on the merits of [her] deprivation [for that of an administrative hearing board] and denied relief after resolving the merits against her." The court did nothing more than to leave untouched the decision of the School Committee. The court decided the merits only to the extent requested by the plaintiff in her complaint.

For these reasons and those given by the district court, the judgment is *affirmed*.

---

**2.** The plaintiff does not dispute that she was laid off solely for budgetary reasons.

**3.** This argument was not clearly presented to the district court. *See Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979).

**4.** In addition, she did in fact have informal hearings with the Superintendent of Schools.