**Ann M. DOSTERT, Plaintiff,**

**v.**

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–2143–C.**

United States District Court, D. Massachusetts.

June 27, 1985.

Mark Bronstein, Kehoe, Doyle, Playter, Novick & Strimaitis, Boston, Mass., for plaintiff.

Richard E. Welch, III, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which plaintiff, Ann M. Dostert, seeks judicial review of a final decision of the Secretary of Health and Human Services denying plaintiff's application for Social Security disability benefits. Plaintiff has exhausted her administrative remedies, and the case is now before the Court, pursuant to 42 U.S.C. § 405(g), on plaintiff's motion for summary judgment and the Government's motion for an order affirming the decision of the Secretary.

Plaintiff is a 30 year old woman who presently suffers from allergies, respiratory problems and gynecological disorders. She alleges that prior to September 30, 1975, the date she was last insured for Social Security disability benefits, the severity of her gynecological problems rendered her disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d)(1)(A). After considering both documentary evidence and the testimony of plaintiff and her husband, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant met the special earnings requirements of the Act on January 7, 1974, the date that she stated she became unable to work, and continues to meet them at least through September 30, 1975.

2. The claimant has the following impairments; bronchial problems under control with medication, gynecological problems and allergies.

3. Prior to the date the claimant was last insured she no doubt suffered some discomfort from her pregnancy and related side effects. However, her disability was not so severe as to have prevented her from all substantial gainful activity for a period of 12 consecutive months on or before the date she was last insured September 30, 1975.

4. The claimant did not have any impairment or impairments which significantly limited the ability to perform basic work-related functions prior to the date she was last insured, therefore, the claimant does not have a severe impairment.

5. Since the claimant does not have a severe impairment, she was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

■ Plaintiff's first contention is that the ALJ misapplied the twelve month disability duration requirement by evaluating plaintiff's claim according to whether her impairment had been of disabling severity for a twelve month period *prior* to the date she was last insured. This contention has no merit. The ALJ noted in her opinion

that "[m]edically acceptable laboratory and clinical techniques must demonstrate that the claimant's alleged impairments ... were sufficiently severe as to have precluded all substantial work activity for a period of twelve consecutive months *beginning* prior to the date last insured." (Tr. 12) (emphasis added). This statement is an accurate summation of the law. Although the ALJ, in the course of her opinion, used a variety of phrases to describe the duration requirement, nothing in the opinion suggests that she misinterpreted the requirement or failed to apply it to the proper time frame in this case.

Plaintiff also maintains that the ALJ improperly considered evidence that plaintiff has not sought employment since her health problems began. Plaintiff's assertions are based on the following portions of the ALJ's opinion:

At the hearing on August 23, 1982, the claimant presented a statment [sic] of a Ruth Moses, M.D.... This doctor treated the claimant in Canada in 1975 for complaint which varied in severity from mild, which she could ignore, to moderate and severe. She stated that since September of 1975 to November of 1976 she was seen every month or so for one complaint or another. This doctor stated that she did not believe that the claimant was actively looking for work but with her various complaints she would have difficulty working. This doctor crossed out "September" 1975 and inserted "March" of 1975 as the date of the claimant's first visit. (Exhibit 29)

....

In summary, the medical evidence of record prior to the date the claimant was last insured September 30, 1975 indicates that the claimant was treated for headaches, dizziness and anxiety related to pregnancy. She gave birth to a healthy child in February of 1975. Her treating physician at that time indicated that she was not actively looking for work (Exhibit No. 29). In September of 1981 the Norfolk County Hospital records indicate that the claimant had been unemployed

for seven years, partly due to child-rearing responsibilities (Exhibit No. 20).

Tr. 13, 14.

■ The Court of Appeals for the First Circuit has noted that " '[d]isability', as provided in the Act, although defined by reference to concepts similar to employability, is actually a term of art looking to the physical and mental capacity to engage in certain activities, regardless of whether the opportunity for any such activity actually exists." *Lopez Lopez v. Secretary of Health, Education and Welfare*, 512 F.2d 1155, 1157 (1st Cir.1975). Like the availability of employment, the issue of whether a claimant has looked for a job has no bearing on that individual's ability to perform some type of substantial gainful activity. I therefore rule that the ALJ erred in giving weight to evidence of plaintiff's failure to seek employment after the commencement of her alleged disability.

■ Plaintiff's final contention is that the ALJ's finding with respect to the date on which plaintiff began to receive medical treatment for her gynecological disorders is unsupported by the evidence. As shown in the excerpts of the transcript set forth above, the ALJ found that plaintiff was first treated for gynecological disorders by Dr. Ruth Moses in September, 1975, the month in which plaintiff's disability insurance expired. Other portions of the ALJ's opinion suggest, however, that plaintiff saw Dr. Moses for pregnancy related problems prior to the birth of her child in February, 1975. Dr. Moses' office notes, which are contained in the record, clearly show that the doctor first examined plaintiff on March 13, 1975. The ALJ's finding that treatment began at some other time is not, therefore, supported by substantial evidence.

■ As a result of this factual error, the ALJ made no specific findings regarding the nature or severity of the gynecological problems which plaintiff experienced after her pregnancy but prior to the expiration of her disability insurance. It is well recognized that "[t]he Secretary has an obligation both to claimants and to review-

ing courts to make full and detailed findings in support of his [or her] ultimate conclusion." *Small v. Califano*, 565 F.2d 797, 801 (1st Cir.1977). Because I find that plaintiff's condition from February through September, 1975, is a critical issue in this case, I rule that the ALJ's failure to make specific findings with respect to this matter constitutes reversible error.

For the reasons set forth above, I further rule that the case should be reversed and remanded to the Secretary for further consideration.

Order accordingly.