Constance GALLO, Plaintiff, Appellant,

v.

### SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.

No. 85–1099.

United States Court of Appeals, First Circuit.

Submitted June 7, 1985.

Decided March 7, 1986.

Michael J. Bashaw, Providence, R.I., was on brief, for plaintiff, appellant.

Everett C. Sammartino, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for defendant, appellee.

Before COFFIN, BREYER and TORRU-ELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

This appeal arises from the denial of disability insurance benefits to the appellant Constance Gallo. On August 10, 1982, Gallo filed an application with the Social Security Administration for benefits because she was unable to work due to lumbar strain and degenerative arthritis of the lumbar and cervical spine. The agency found that Gallo did not meet the eligibility requirements and therefore denied her benefits, both initially and on reconsideration.

After hearing the medical evidence *de novo* in December 1983, an Administrative Law Judge (A.L.J.) found that Gallo did not qualify for benefits because she was not disabled within the meaning of the statute. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). This decision was affirmed by the appeals council and became the decision of the Secretary of Health and Human Services. On appeal to the district court, the case was assigned to a federal magistrate. In his statement of findings and recommendation, the magistrate indicated that the agency's decision should be affirmed, and the district court so ordered.

Gallo raises only one issue on appeal: whether the Secretary's "severity" regulation, 20 C.F.R. § 404.1520(c), as promulgated and applied, exceeds the Secretary's statutory authority, and is arbitrary and capricious and invalid as applied to appellant. 20 C.F.R. § 404.1520(c) states that:

> You must have a severe impairment. If you do not have any impairment[s] which significantly limits your physical or mental ability to do basic work activities we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience ...

Appellant argues that the last phrase, which precludes consideration of age, education, and work experience, solely on the

basis of residual capacity, is contrary to the standard set in the statute, which allows consideration of the vocational factors where the severity is only such that claimant cannot do his prior work:

> An individual ... shall be determined to be under a disability only if his ... impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work.

42 U.S.C. § 423(d)(2)(A).

She urges that we review the legislative history of the relevant provisions of the Social Security Act and hold that the "severity" regulation is inconsistent with the purposes of the Act. *See, e.g., Johnson v. Heckler,* 769 F.2d 1202 (7th Cir.1985), *Baeder v. Heckler,* 768 F.2d 547 (3rd Cir.1985). Under this regulation, Gallo argues, individuals like herself may be denied benefits to which they are legitimately entitled.

The Secretary contends that this issue was not presented to the court below, and that we should, therefore, not address this issue on appeal. *See Hockney v. School Committee of Lynn,* 747 F.2d 50, 52 (1st Cir.1984); *Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer,* 744 F.2d 880, 884 (1st Cir.1984); *Johnston v. Holiday Inn,* 595 F.2d 890, 894 (1st Cir.1979).

In reply to the Secretary's allegation Gallo points to her memorandum in support of her objections to the Magistrate's findings where, although somewhat inartfully stated, this issue was raised.

It is the appellant's contention that severity cannot be evaluated in terms of residual physical and mental abilities alone. Once it is determined that she cannot return to the job she performed before, she is entitled to evaluation of the severity considering the three additional factors. As-

suming, arguendo that such is the case, however, we must first determine whether the claimant is a person who is "unable to do [her] previous work," which Gallo claims is the threshold test set by law.[1]

It is Gallo's basic premise, according to her brief, that the A.L.J. found that "the plaintiff's past work was all of at least 'medium' or more exertional level as the Secretary defines 'medium.' *See* 20 C.F.R. § 404.1567(c)." [2]

Appellant cites the medical report of Dr. Michael Scala, which she claims offers the greatest support to the Secretary's decision. Dr. Scala was of the opinion that she could not lift more than twenty pounds. It is appellant's conclusion, therefore, that on the basis of the A.L.J.'s finding and this medical evidence, she cannot return to any of her former jobs and thus has established a *prima facie* case of disability. *See Small v. Califano,* 565 F.2d 797, 800 (1st Cir.1977). Our review of the record, however, tempered by appellant's apparent misunderstanding of a phrase in the opinion of the A.L.J., leads us to question whether that is an accurate description of the situation at bar.

In regard to her employment history, the A.L.J. noted in his opinion:

> "The record shows that the claimant previously worked as a housekeeper, winder, stringer, and packer. Claimant's work has *generally contained significant medium exertional elements* in terms of lifting of weight."

(Emphasis ours).

Contrary to Gallo's basic premise, the A.L.J. did *not* find that *all* of her previous jobs required medium or more exertional levels. Additionally, a review of the vocational reports reveals that her previous jobs appear to be of less than a medium exertional level. To wit, Gallo worked as a housekeeper for nine months, from Decem-

---

1. In this appeal Gallo has not challenged the findings that she does retain some ability to perform basic work related activities. It is for this reason we have omitted the traditional recitation of medical facts.

2. 20 C.F.R. § 404.1567(c):
   Medium work—Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighting up to 25 pounds.

ber 1980 through July 1981, which is characterized as requiring a medium exertional level. From 1979 to 1980 she worked as a "winder," which is described as sedentary.[3] From 1977 to 1978 and 1967 to 1975 she worked as a "stringer," which is light work.[4] Appellant worked as a packer, an occupation requiring medium exertion levels, for only two days.

As we have noted before, the regulations that specifically address assessment of a claimant's ability to perform prior work do not, by their terms, preclude reference to prior jobs merely because they were performed several years ago. *See Gray v. Heckler,* 760 F.2d 369 (1st Cir.1985).

In his physical capacity assessment of the appellant, Dr. Scala found that she had the capacity to sit for four hours, stand for five hours, or walk for four hours. She could lift and carry up to 20 pounds occasionally and up to five pounds frequently. She could do simple grasping and fine manipulation with her hands. She was able to reach frequently and bend occasionally. Thus, it appears that she may have the capacity to return to her former sedentary work, and quite possibly to light work.

If such is the case, and the issue remains open for the A.L.J. to resolve on remand, Gallo would still not be entitled under the statute alone to evaluation of the severity of her "disability" on the basis of age, education and work experience and, therefore, would have no standing to challenge the regulation in issue as being in conflict with the statute. *See Ozonoff v. Berzak,*

744 F.2d 224, 227 (1st Cir.1984) (to establish standing, the plaintiff must demonstrate that his injuries can be traced to the challenged action of the defendant). Accordingly, the case is remanded to the district court with instructions to remand it to the Secretary to make this determination.

**3.** 20 C.F.R. § 404.1567 defines sedentary work as follows:

    (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

**4.** 20 C.F.R. § 404.1567 defines light work as follows:

    (b) Light work. Light work involves lifting no more than 20 pounds at a time with fre-

quent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.