**Jean C. DiSTEFANO**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services.**

**Civ. A. No. 87–1674–Z.**

United States District Court, D. Massachusetts.

June 16, 1988.

Nancy Lorenz, Greater Boston Legal Services, Boston, Mass., for plaintiff.

Eileen M. Hagerty, Asst. U.S. Atty., for defendant.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff Jean DiStefano challenges the determination of the Secretary of Health and Human Services ("Secretary") that she is ineligible for Supplemental Security Income ("SSI"), 42 U.S.C. § 1381a (Supp. II 1984), because she failed to establish disability within the meaning of the applicable law.[1] She brings this action pursuant to 42 U.S.C. § 405(g) (1982), which allows for review of the Secretary's final decision in the district court. Such review is limited to determining whether the Secretary's findings are based on sound law and "substan-

---

**1.** The following standard is used to determine disability which will entitle an applicant to receive payment under 42 U.S.C. § 1381a. "[A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 1382c(a)(3)(A) (1982).

tial evidence." Plaintiff has moved for reversal of the Secretary's decision, and defendant has moved for an order affirming it.

Plaintiff is a 55–year old high school graduate, who lives in Malden with her husband and 22–year old son. From 1971 through 1976, she was an assembly worker in an electronics factory. Except for three years when she worked in a sub shop that she and her husband owned, she had worked as an assembly worker continuously since 1959.

Plaintiff applied for SSI on April 18, 1985, claiming disability as of 1979 because of diabetes and arthritis. The claim was denied initially and upon reconsideration. A hearing, at which plaintiff was represented by a nonlawyer, was held on July 29, 1986. The Administrative Law Judge (the "ALJ") found that "the claimant is not precluded from returning to her past relevant work as an assembler." The ALJ based this finding on his conclusions that medical evidence did not substantiate her claims of limitations, establish impairments that would prevent substantial gainful activity for twelve months, or "significantly limit her ability to perform sedentary work."

The Appeals Council denied plaintiff's request for review on February 19, 1987, after receiving new evidence regarding plaintiff's medical condition and manual dexterity. The decision of the ALJ, dated September 12, 1986, is the Secretary's final decision.

The record includes reports from plaintiff's treating internist, Dr. Alexander Latty, and from two consulting physicians, Dr. John F. O'Brien, a radiologist who examined plaintiff on May 6, 1985, and Dr. Stephen E. Sweet, an internist who examined plaintiff on April 25, 1986. The record also contains notes and reports from her hospitalization at New England Memorial Hospital, from July 25 to August 5, 1985.

All three doctors diagnosed diabetes, but differed on whether it was controlled and on its effects. Dr. O'Brien found it to be "under good control," but concluded that plaintiff suffered from peripheral neuropathy as a result of her diabetes. Dr. Latty described her diabetes as "essentially uncontrolled" and reported that it resulted in dizziness, shortness of breath, burning pains in her feet, diarrhea and constipation "on a daily basis." He also reported obesity, diffuse osteoarthritis, and diabetic neuropathy. He declared her totally disabled and incapable of sitting for more than two hours a day. Dr. Sweet concluded that plaintiff suffered from diabetes, arthritis and obesity. He found that she was unable to lift her right shoulder above the horizontal position and that she reported pain in her left hip when lifting her left leg to 30° or her right leg to 45°. Although he found full range of motion in all fingers, he reported that plaintiff complained of pain when she clenched her left hand into a fist. Dr. Sweet concluded that she could not sit in the same position for more than twenty minutes because of the left hip pain, and supported this conclusion with "[h]istory and abnormal muscoskeletal examination (hip; straight leg raising) findings." In explaining his conclusion that she should never climb or crawl, he stated that it was "hard to be this specific without x-rays." Dr. Sweet reported that x-rays had been taken of plaintiff's left hip six months prior to his examination of her, but he apparently did not see them. An x-ray report, dated July 25, 1985, reported "some degenerative changes of the mid-dorsal spine." (R. 125). Finally, the record before the appeals council included a report of the results of the Crawford Small Parts Dexterity Test, in which plaintiff scored at or below the first percentile.

The ALJ concluded that plaintiff had "the following impairments(s): diabetes under control with occasional diarrhea of undetermined origin." His failure to include arthritis is largely unexplained. He referred to Dr. Latty's and Dr. Sweet's uncontradicted diagnoses,[2] as well as plaintiff's complaints, but neither accepted nor rejected them. He did not mention the 1985 x-rays. He stated generally that

---

**2.** The failure of Dr. O'Brien to report arthritis is not inconsistent with the other medical reports, since he examined plaintiff almost a year before the other doctors did.

"claimant's symptoms are subjective. Multiple physical examinations have failed to show objective medical findings or abnormalities reasonably expected to produce the symptoms the claimant alleges." These statements are not sufficiently specific. *See Small v. Califano,* 565 F.2d 797, 801 (1st Cir.1977). Elsewhere in his report, the ALJ refers to plaintiff's difficulty in raising her arm and using her hands (but not her hip pain) as "a fairly recent occurrence for which no medical findings exist, other than the 'osteoarthritis' made on the basis of her symtomatology [sic]." The ALJ does not indicate why the arthritis is not a sufficient explanation. He does not explain whether, or why, he has chosen to disbelieve plaintiff's own testimony,[3] and what evidence, if any, supports his conclusion. "[A]dministrative law judges should make specific findings when the issue of pain arises." *Rafael Rico v. Secretary of Health, Education & Welfare,* 593 F.2d 431, 433 (1st Cir.), *cert. denied* 444 U.S. 858, 100 S.Ct. 120, 62 L.Ed.2d 78 (1979). The relative newness of the allegations is an insufficient basis for this finding.

The ALJ's findings that "[t]he medical evidence does not substantiate her allegation as to her limitations" and that "[t]he claimant does not have any impairment or impairments which significantly limit her ability to perform sedentary work" are similarly unsupported. They ignore plaintiff's own testimony, Dr. Sweet's conclusion that plaintiff cannot sit in one position for more than twenty minutes at a time, and Dr. Latty's opinion that she could only work in a seated position for two hours in an eight-hour day, in five to ten minute intervals. For similar reasons, the ALJ has not adequately accounted for his conclusion that medical evidence has failed to establish an impairment of such severity as to prevent the claimant from performing all substantial gainful activity for the required period of twelve continuous months.

Finally, the finding that claimant is capable of returning to her past work is not adequately supported. The ALJ made no findings regarding the requirements of her past work. *See Small,* 565 F.2d at 801. He failed to acknowledge plaintiff's uncontroverted evidence that her former job required her to sit for eight hours a day, and to work with both hands, handling such tools as wire cutters, pliers and tweezers.

The ALJ's report is filled with generalizations and fails to set forth the factual bases for his conclusions. Conflicts in the evidence are not resolved, and plaintiff's allegations of pain are rejected without determinations regarding the credibility of her own testimony as well as that of the doctors who submitted corroborating reports. The skeletal nature of the report is demonstrated by the Appeals Council's efforts to read into the ALJ's findings justifications that were not explicit in the decision itself, such as plaintiff's failure to follow her diet in 1985. Therefore, this case is remanded for specific findings regarding plaintiff's hip and hand pain and its effect on her ability to perform her past work, including her ability to sit for long periods and work with her hands.[4] If, on remand, it is determined that she cannot perform this work, the Secretary shall make specific findings regarding whether she can perform any other past relevant work. If she cannot, the Secretary must determine whether she can do any other work. 20 C.F.R. § 404.1520(f) (1987). The Secretary has the burden of showing that she can. *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 7 (1st Cir.1982).

---

3. The attorney for the Secretary indicated in her brief that the lack of credibility accorded plaintiff is implicit in the ALJ's report. Credibility determinations must be explicit, *Cotter v. Harris,* 642 F.2d 700, 707 (3d Cir.1981), especially when pain is claimed as an impairment, *see DaRosa v. Secretary of Health & Human Services,* 803 F.2d 24, 26 (1st Cir.1986).

4. On remand, the results of the manual dexterity test submitted to the Appeals Council should be considered. It may be deemed necessary to obtain x-rays of plaintiff's left hip or a new manual dexterity test. *See* 20 C.F.R. § 404.1517 (1987); *Currier v. Secretary of Health, Education & Welfare,* 612 F.2d 594, 598 (1st Cir.1980).