Lawrence R. BLAISDELL, Plaintiff,

v.

SECRETARY OF HEALTH & HUMAN SERVICES, Defendant.

Civ. No. 84–0125 P.

United States District Court,
D. Maine.

Dec. 6, 1985.

Marina E. Thibeau, Erna J. Koch, Legal Services for the Elderly, Portland, Me., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER AFFIRMING DEFENDANT'S DECISION ON REMAND AND GRANTING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

GENE CARTER, District Judge.

Plaintiff Lawrence Blaisdell has filed a Motion for Order Affirming Defendant's Decision on Remand and Petition for Attorney's Fees. The Petition is based on fees incurred in an appeal to this Court from a decision of the Secretary denying plaintiff's disability benefits, which resulted in an order vacating the Secretary's initial decision and remanding this matter to the Secretary for additional explanation.[1]

### I. *Case History*

Mr. Blaisdell filed an application for a Period of Disability and Disability Insurance Benefits on August 23, 1982, alleging that he had become disabled on March 3, 1982. His application for disability insurance benefits was denied after a hearing before an Administration Law Judge (A.L.J.) in a decision on November 8, 1983. Mr. Blaisdell petitioned this Court for review of that decision pursuant to 42 U.S.C. § 405(g). This Court vacated the decision and remanded the case to the Secretary because her decision did not include any reason why the pulmonary testing results reviewed by the A.L.J. lead to the conclusion that Mr. Blaisdell's impairment was not severe. Nor did the A.L.J. make specific findings in that decision as to the

---

**1.** *Blaisdell v. Heckler,* No. 84–0125 P (D.Me. March 28, 1985). The defendant has been sub-

stituted in this opinion pursuant to Fed.R.Civ.P. 25.

claimant's ability to perform basic work activities as set out in 20 C.F.R. § 404.1521.

Following remand, the A.L.J. held a supplemental hearing on July 15, 1985 and issued a decision recommending that Mr. Blaisdell be entitled to disability benefits and to a period of disability commencing on October 15, 1982. The Appeals Council adopted this recommendation.

At the supplemental hearing, Dr. Albert Aranson testified as a Medical Advisor to the Office of Hearings and Appeals and offered his opinion on three pulmonary function tests which were included in the original record. Dr. Aranson stated that the second test, performed in October, 1982, showed a mild to moderate impairment that would limit Mr. Blaisdell to the performance of "light" work. Dr. Aranson further stated his opinion that the third test, performed in December, 1983, showed that Mr. Blaisdell could undertake only sedentary work activity.

After the supplemental hearing, the A.L.J. found that Mr. Blaisdell's impairment was severe and that he was no longer capable of performing his past work as of October 15, 1982, based on the second pulmonary function test. The A.L.J. therefore made reference to the Medical-Vocational Guidelines in Appendix 2 of Subpart P. Relying on § 201.00(f),[2] the A.L.J. found that the claimant, of advanced age and limited education, possessed skills "not transferable outside of the heavy type of work the claimant performed in the past." Recommended Decision at 4–5. Therefore, the A.L.J. found that Rule 202.02 of Table No. 2 directed a conclusion that Mr. Blaisdell was "disabled" as of October 15, 1982.

II. *Substantial Justification Standard*

The applicable subsection of the Equal Access to Justice Act (EAJA) provides that a court shall award fees and costs to a prevailing party in any civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden to prove substantial justification rests on the Secretary. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10 *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4989. Where the Government can show that its case had a reasonable basis both in law and fact no award will be made. *Id.*[3]

In the original administrative decision in this case, the A.L.J. made a finding that Mr. Blaisdell's condition was not severe after reviewing the medical evidence without including the reasons for his conclusion. After remand, the A.L.J. found that plaintiff was and is disabled based on the results of a pulmonary function study that was in the record during the first proceeding indicating that plaintiff could not return to work as of October 15, 1985. The Social Security Act defines disability as inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. 42 U.S.C. §§ 416(i)(1), 423(d)(1). In determining the severity of plaintiff's condition, the A.L.J. should have made findings as to whether that condition significantly limited his ability to do basic work activities. 20 C.F.R. § 404.1521(a). *Trafton v. Schweiker,* 575 F.Supp. 742 (D.Me.1983). He did not do. When ordered to do so by the Court, he apparently was required to find that plaintiff is in fact "disabled." Therefore, it was a deficiency in the A.L.J.'s application of the law which required the

---

**2.** The decision cites 200.00(f), however, the Court believes that the A.L.J.'s intention was to refer to 201.00(f). Section 201.00(f) states, "in order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry."

**3.** Under the "reasonable litigation attorney" standard an attorney must ask: Is there any substantial chance of success for my client? Am I merely going through the motions of a suit when my investigation of the law and facts convinces me that my client would and should lose? *Blanchette v. Heckler,* 586 F.Supp. 903, 904 (D.Colo.1984); *Zimmerman v. Schweiker,* 575 F.Supp. 1436 (E.D.N.Y.1983).

plaintiff to appeal to this court and which resulted in a three-year delay in the award of benefits to which he was entitled.

▮ In order to determine whether the plaintiff is entitled to a fee award under the EAJA, the Court must consider whether it was reasonable for the Secretary to arrive at her original decision or to defend that record on appeal. The answer must be in the negative. On appeal from her first decision, the Secretary's brief discussed only the first pulmonary function study, which was done *prior* to the time plaintiff claimed any disability, and made the same conclusory assertions as those set forth in the A.L.J.'s decision. Defendant's Memorandum at 5. The Secretary did not discuss plaintiff's ability to perform basic work based on the physical condition demonstrated by the October, 1982 pulmonary function test because the A.L.J. made no such findings. A record which clearly does not follow the analysis mandated by the Social Security Act and the Secretary's regulations and which, therefore, results in an erroneous finding of nonseverity of plaintiff's condition cannot be the basis of a defense which is substantially justified. *See Small v. Califano*, 565 F.2d 797, 800, 801 n. 1 (1st Cir.1977) (inability to perform previous work is a *prima facie* case of entitlement; "an unknown physical condition cannot be matched to an undescribed job.")

Defendant asserts that new evidence, the testimony of a medical advisor, was addressed on remand. However, Dr. Aranson's testimony was based on medical reports that were in evidence at the first hearing and the A.L.J.'s decision after remand states that his testimony "is entirely consistent with the other medical evidence of record." Recommended Decision at 3.

The decision goes on to explain why this testimony is consistent with that of other physicians who *did* present evidence at the first hearing. Recommended Decision at 3–4.

▮ Defendant asserts that the evidence in the first proceeding could have supported a decision either for or against a finding that plaintiff is disabled and entitled to benefits. This is not a case, however, where the Secretary based her decision on reasonable evidence which, upon judicial review, turned out not to constitute substantial evidence. *See, e.g., Kerr v. Heckler*, 575 F.Supp. 455 (S.D.Ohio 1983). Rather, the A.L.J. never made the requisite findings in order to arrive at a conclusion based on the evidence. Therefore, whether that evidence would have supported either conclusion as to disability is irrelevant. It is not reasonable for the Government to defend a decision where the proper legal analysis is absent. *See Love v. Heckler*, 588 F.Supp. 1346, 1384 (M.D.Ala.1984).[4] Further, no special circumstances exist which would make a fee award unjust.

### Amount of Fee Award

▮ Plaintiff seeks reimbursement in the amount of $75 per hour spent by his attorneys on matters relevant to plaintiff's appeal in this Court. Plaintiff's counsel committed a total of 22.8 hours to the case and expended $6.44 in costs. The total amount sought by plaintiff is $1,716.44. The Court finds that the request for attorney's fees in the amount of $75 per hour is reasonable. *See Ouellette v. Heckler*, Civil No. 84–0129 P, (D.Me. Nov. 28, 1984). The Court has reviewed the itemized account of the time spent by plaintiff's counsel and

---

4. Defendant also asserts that the A.L.J. did not entirely reverse his prior determination of nonseverity because plaintiff alleged that he had become disabled on March 3, 1982, and the A.L.J. found, after remand, that plaintiff was disabled as of October 15, 1982, seven and one-half months later. Defendant asserts that the gap between the date plaintiff asserts disability and the A.L.J.'s finding of disability demon-

strates that the record evidence also supported a finding of no disability. As explained above, this argument does not change the result in this case. Further, the A.L.J. stated that it was possible that Mr. Blaisdell's impairment "was 'severe' prior to the pulmonary function studies on October 15, 1982" although not as of March, 1982. Recommended Decision at 4.

finds it was reasonable and appropriate under the circumstances of this case.

Accordingly, it is ORDERED that plaintiff's Motion for Order Affirming Defendant's Decision on Remand and Petition for Attorney's Fees is GRANTED and it is further ORDERED that the defendant shall pay to plaintiff reimbursement for reasonable expenses and fees incurred by plaintiff in this action in the amount of One Thousand Seven Hundred Sixteen Dollars and Forty Four Cents ($1,716.44).