Corinne STANWOOD, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health
and Human Services, Defendant.

Civ. 85–0233–B.

United States District Court,
D. Maine.

Sept. 12, 1986.

William E. Macdonald, Bangor, Me., for
plaintiff.

Timothy C. Woodcock, Asst. U.S. Atty.,
Bangor, Me., Robert Triba, Office of Regional Counsel, Health & Human Services,
Boston, Mass., for defendant.

## ORDER REMANDING ACTION TO THE SECRETARY

CYR, Chief Judge.

On September 13, 1984, plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act [Act], codified as amended at 42 U.S.C. §§ 401–431 (1982). On May 16, 1985, the Administrative Law Judge [ALJ] concluded on the basis of the medical facts that, although plaintiff suffered from chronic relapsing pancreatitis requiring hospitalization for short periods, she did not suffer from "any impairment(s) which significantly limits her physical or mental ability to do basic work activity" for the required period of 12 months. (ALJ's Decision at 3, 5.) The Appeals Council declined to review the ALJ's determination, thus making it the final decision of the Secretary of Health and Human Services [Secretary]. On July 19, 1985, upon exhaustion of her administrative remedies, plaintiff sought judicial review of the denial of her application for disability insurance benefits. See 42 U.S.C. § 405(g). On April 29, 1986, in his Report

and Recommended Decision, the Magistrate upheld the finding of the ALJ, stating that there was substantial evidence to support the Secretary's determination that the impairment is not severe because it "does not substantially limit her ability to perform basic work related functions" for the required statutory period. (Recommended Decision, at 1–2.)

Upon objection to the Recommended Decision, the court undertakes *de novo* review of that portion of the Recommended Decision to which plaintiff objects. 28 U.S.C. § 636(b).

Between December 1983 and February 1985 (the date of her hearing before the Magistrate), plaintiff was hospitalized five times for a total of 22 days. The Magistrate's report states that "it is established that the plaintiff suffers from chronic recurrent pancreatitis." (Report at 1.) The report also states that "[t]here is little doubt that when an episode occurs, the plaintiff is in severe pain and is disabled for a time." *Id.* Thus, there is no dispute that the plaintiff was disabled at least intermittently over a period of 14 months. Rather, the dispute centers on whether the plaintiff was also disabled during the periods between her several hospitalizations. If she was not disabled during those periods, then she has not met the durational requirement prescribed by the Act. 42 U.S.C. § 423(d)(1)(A).

The Magistrate's report concludes that "the disabling effects of the impairment are intermittent." *Id.* at 4. This conclusion is based on the fact that "the medical reports indicate that the plaintiff usually recovers quickly from her attacks" and on the fact that "[n]o medical finding or report explicitly describes significant limitations on the ability to perform basic work activities ... other than when plaintiff has an episode." *Id.*

Plaintiff, on the contrary, contends that her disability was not confined to periods of hospitalization, but extended throughout the periods. To hold otherwise, she declares, is to equate her period of disability with her in-patient status. Plaintiff is plainly correct in asserting that proof of disability does not require proof of hospitalization. Plaintiff has testified that she experiences pain during periods when she is not hospitalized, generally for one or two weeks each month, and that she takes pain-killing drugs three or four times a month. This testimony is supported by her treating physician, and is not disputed. Plaintiff contends that, as a result of these regular flare-ups and this medication, she is not able to engage in substantial gainful employment.

Whatever the merits of plaintiff's contention in this regard, the denial of benefits at this stage is procedurally flawed. Both the ALJ and the Magistrate based their opinions on a finding that the plaintiff did not have a "severe" impairment, within the meaning of step 2 of the 5–step sequential test used to determine disability. 20 C.F.R. § 404.1520 (1985). Having found that the plaintiff's impairment was not "severe," no consideration was given to steps 3 through 5. This finding represents a misunderstanding and misapplication of the step 2 "severity" test.

The First Circuit holds that the "severity" test is justified only "as a *de minimis* policy designed to screen out totally frivolous cases." *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1122 (1986). Medical factors alone may be used only to screen out applicants "whose impairments are so minimal that, as a matter of common sense, they are clearly not disabled from gainful employment." *Id.* 795 F.2d at 1122. In holding that the "severity" requirement is "designed to do no more than screen out groundless claims," the *McDonald* court embraced Ruling 85–28, in which the Secretary declared that a finding of a nonsevere impairment is "only to be made where 'medical evidence establishes only a slight abnormality ... which would have no more than a minimal effect on an individual's ability to work.' " *Id.* 795 F.2d at 1124.

This holding, though recent, should come as no surprise. As was stated in *Moore v. Heckler*, 575 F.Supp. 180, 184 (D.Me.1983), an impairment is to be found not severe only "if it has 'such a minimal effect on the individual['s ability to do basic work activities] that [it] would not be expected to interfere with his ability to do [most] work.'" *See Trafton v. Heckler*, 575 F.Supp. 742 (D.Me.1983).

■ The court holds that plaintiff's claim is not so insubstantial as to be considered "groundless" or "frivolous," nor can it be said that her impairment has no more than a "minimal effect" on her ability to do most work. It is undisputed that she suffers from a serious and at least intermittently, disabling condition. Additionally, she and her physician have testified that she suffers · pain and debilitating weakness between the more severe attacks requiring hospitalization. Thus, plaintiff has a "clinically determinable medical impairment that can reasonably be expected to produce the pain alleged." *Avery v. Secretary of Health and Human Services*, 797 F.2d at 21 (1st Cir.1986). In addition, the testimony of the plaintiff and her doctor apparently is "not inconsistent with the objective findings," and thus could, "if found credible by the adjudicator, permit a finding of disability where the medical findings alone would not." *Id.* 797 F.2d at 21. On the basis of the foregoing, the court holds that plaintiff's claim is not barred for failure to satisfy the "severity" requirement. To hold otherwise would be to require hospitalization as an essential element in establishing a "severe" impairment.

On remand, the Secretary shall reconsider the plaintiff's claim, and apply a complete sequential evaluation as required by the regulations. 20 C.F.R. § 404.1520.

It is hereby *ORDERED* that the decision of the Secretary is *VACATED* and the cause is *REMANDED* to the Secretary for further proceedings in accordance herewith.