**Lena SMITH, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of the
Department of Health and Human
Services, Defendant.**

**Cause No. IP 84–902–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

June 16, 1987.

J. Frank Hanley II, Indianapolis, Ind.,
for plaintiff.

John D. Tinder, U.S. Atty. by Larry A.
Mackey, Indianapolis, Ind., for defendant.

ENTRY

STECKLER, District Judge.

This matter is before the Court on an application for attorney fees pursuant to the Equal Access to Justice Act, ("E.A.J. A.") 28 U.S.C. § 2412. The government opposes an award of fees, arguing that the plaintiff is not a prevailing party, and that the Secretary's position was substantially justified.

This case had previously been remanded on the Secretary's request pursuant to the Social Security Disability Benefits Reform Act of 1984 ("Reform Act"). Upon remand, plaintiff applied for attorney fees pursuant to § 2412, which this Court denied on February 29, 1986, finding that plaintiff was not a "prevailing party" as defined by the statute. Order of February 19, 1986 at 2.

Upon remand, the Secretary found in favor of plaintiff, stating that he found plaintiff was still disabled and her disability payments should have continued. Plaintiff's Exhibit A, motion for final judgment. After the Secretary filed notice with this Court of plaintiff's favorable decision, plaintiff filed the instant application for attorney fees.

Plaintiff has two obstacles to obtaining statutory attorney fees. The Court must find that she was a "prevailing party" and that the position of the government was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The First Circuit Court of Appeals has established two tests for whether plaintiffs are "prevailing parties." Under the first test, plaintiffs "are to be considered prevailing parties if 'they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit.'" *Sherman v. Bowen,* 647 F.Supp. 700, 701–2 (D.Me.1986) (quoting *Coalition for Basic Human Needs v. King,* 691 F.2d 597 (1st Cir.1982); *Nadaeu v. Helgemoe,* 581 F.2d 275 (1st Cir.1978)).

The second test, which applies when relief is obtained outside the courtroom, provides that a plaintiff is a "prevailing party" if the lawsuit "was a 'necessary and important factor'" in causing the benefit, and if "as a matter of law the suit was not 'frivolous.'" *Sherman,* 647 F.Supp. at 702 (quoting *Coalition,* 691 F.2d at 597; *Nadeau,* 581 F.2d at 281). This case is identical to *Sherman* as the plaintiff was not granted benefits as a result of review on remand of the issues raised in her lawsuit but instead from a review based on changes in the law. As the plaintiff here obtained her substantive relief at the administrative level after remand, the second test, also known as the catalyst test, is applicable.

"Essentially, the catalyst test is designed to determine whether there is a causal connection between the litigation and the benefit received by the plaintiff." *Sherman,* 647 F.Supp. at 702. "The question, essentially, is whether the connection between plaintiff's suit and his recovery of benefits is sufficiently strong to establish the plaintiff as the 'prevailing party.'" *Id.*

In *Sherman,* the Court found the connection sufficient where the plaintiff alleged the defendant misapplied the regulations; after concluding that the defendant had misapplied the regulations, the Court concluded:

> The fortuitous enactment of the Social Security Disability Benefits Reform Act merely afforded the Secretary an alternative basis upon which to determine that plaintiff was entitled to disability benefits. The fact of the matter is that plaintiff would have prevailed on his allegation that the Secretary misapplied the severity test. Therefore, the causal connection between plaintiff's suit and the Secretary's reversal of position, while cosmetically obscured, was very real indeed. Accordingly, plaintiff is a "prevailing party" within the meaning of the EAJA.

*Id.* at 703.

The crux of the catalyst test then appears to go to the strength of the plaintiff's allegations; if they would have been sufficient to win in court, a sufficient causal connection exists.

In the instant case, plaintiff alleged that the Appeals Council's reversal of the Administrative Law Judge's finding of disability was not supported by substantial evidence. If the Secretary's decision is supported by substantial evidence, it must be affirmed by the Court. 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as "[s]uch relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We must affirm [the Secretary's decision] if the record contains substantial evidence to support the A.L.J.'s findings and there has been no error of law." *Strunk v. Heckler,* 732 F.2d 1357, 1359 (7th Cir.1984) (citations omitted). The Court need not go into an extended review of the record, however, because even if plaintiff is found to be a prevailing party under the catalyst test, plaintiff will not receive attorney fees if the government's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

The Court in *Sherman* defined this second requirement:

> As the prevailing party, plaintiff is entitled to attorney fees, unless the Secretary's "position" was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The statute defines "position" to mean both the position taken in the civil litigation and the action taken by the Secretary upon which the civil litigation was based. 28 U.S.C. § 2412(d)(2)(D). The statute does not define "substantial justification"; however, in *Blaisdell v. Secretary of Health and Human Services,* 623 F.Supp. 973, 976 (D.Me.1985), the court stated that the issue was "whether it was reasonable for the Secretary to arrive at her original decision or to defend that record on appeal."

The burden of proving substantial justification rests on the Secretary. *See Blaisdell,* 623 F.Supp. at 975. But, of course, placement of the burden of proof upon the Secretary does not mean that an award of fees follows automatically. Where the government can demonstrate that its case had "a reasonable basis both

in law and fact," no award will be made. *Id. See also Tressler v. Heckler*, 748 F.2d 146 (3d Cir.1984).

*Id.* at 703.

The fact that an administrative decision was reversed after litigation on a claimant's medical improvement does not *a fortiori* mean that the government's position was not "substantially justified" for E.A.J.A. fee award purposes. *Burris v. Heckler*, 598 F.Supp. 573, 754 (N.D.Tex.1984); *see also Miles v. Bowen*, 632 F.Supp. 282, 285 (M.D.Ala.1986). Moreover, an attorney is not necessarily entitled to E.A.J.A. fees where the record contained evidence on which the Secretary could have reasonably relied, even though the court held that the Secretary's position was not supported by substantial evidence. *See e.g. Stevens v. Heckler*, No. 84–0531–MA (D.Mass., September 28, 1984) [Available on WESTLAW, DCT database].

Although in the instant case the state agency determined that plaintiff's disability continued after it reviewed her case under the Reform Act's medical improvement standard, this does not mandate a finding that the Secretary originally lacked "substantial justification" for terminating plaintiff's benefits. Under *Stevens*, so long as the record contained evidence on which the Secretary could have reasonably relied (*i.e.* objective medical evidence failing to document the existence of a disabling impairment), the fact that plaintiff ultimately prevailed on the medical improvement issues does not *a fortiori* guarantee an award of attorney's fees under the E.A.J.A.

In the instant case, under the standards for termination which prevailed in December, 1983, when the Appeals Council reviewed the A.L.J.'s decision, there existed evidence of improvement on which the Secretary could have reasonably relied.

As the Appeals Council noted, many of plaintiff's symptoms were not supported by objective medical evidence. Although plaintiff was characterized as having pseudoneurotic schizophrenia, psychological testing revealed an I.Q. of 100, with no signs of any organic impairment of intellectual functioning. (R. at 345) Plaintiff was not then under a psychiatrist's care and had not been hospitalized because of emotional impairment. In addition, the medical evidence failed to corroborate plaintiff's claim that she was disabled by a severe physical disability. (R. at 288–289, 324–334)

After considering this objective medical and psychological evidence which failed to document the existence of a disabling impairment or· combination of impairments under the medical improvement standard then in existence, this Court must conclude that the Appeals Council could have reasonably relied on these documents to determine that plaintiff's disability ceased as of November, 1981. Therefore, the state agency's finding that plaintiff's disability continued, based on medical improvement standards later enunciated in the 1984 Reform Act, does not automatically qualify plaintiff's attorney for E.A.J.A. fees. The mere fact that the government loses the case does not mean that it acted without "substantial justification." *See Miles*, 632 F.Supp. at 825. The fact that plaintiff's disability was ultimately deemed to have continued does not mean that the Secretary failed to act with "substantial justification" for EAJA fee award purposes. As the Court concludes that the Secretary was substantially justified in his position, plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, must be denied.

IT IS SO ORDERED.